FLEMING v. FLEMING.

No. 13794.

Court of Civil Appeals of Texas. Dallas.
April 18, 1947.

990

G. H. Crane, of Dallas, for appellant.

Bonney, Paxton & Wade, of Dallas, for appellee.

BOND, Chief Justice.

Appellant instituted this suit against appellee for divorce; care, custody and control of their minor child with allowances for the child's maintenance and support until the child arrives at 16 years of age; and the disposition of certain personal and real property of the parties. Appellee, in cross-action, sought a similar relief against appellant; and, in supplemental petition, vouched into the suit a claim for one-half community interest in two bank accounts of appellant with Texas Bank and Trust Company of Dallas—one in the sum of $49.85 in the checking account and one of $648.30 in the savings account of said bank. The bank was vouched into the suit as party defendant with reference to these accounts and, in due time, filed answer in the nature of a bill of interpleader, claiming that it carried a fund of $49.85 in a checking account in the name of Mrs. Ida Belle Fleming, and in the savings account the sum of $648.30 "in the name of Mrs. Ida Belle Fleming or Mrs. Kate Wise", and that it has no information as to the actual ownership of either of said funds. The bank, in cross-action, asked that it go hence without day and recover its cost, including a reasonable attorney's fee for making and filing its answer.

The cause was tried before the court without a jury and judgment entered in favor of plaintiff (appellant) for divorce; care, custody and control of the minor child, with provisions for the child's maintenance and support payable $10 weekly by the defendant (appellee), and suitable periods of visitation for the appellee to see and be with the child; set aside the household and kitchen furnishings to appellant for the use and benefit of said minor during its minority; and, having found the homestead to be community property, decreed it to be sold and the proceeds of sale to be equally divided between appellant and appellee. The court also found that the two accounts in the Texas Bank and Trust Company, aggregating $698.15, are community, and decreed same to be divided between the parties, one-half to the plaintiff and one-half to the defendant.

In motion for new trial, which was overruled by the court, appellant complains of the judgment awarding appellee one-half of the $648.30 deposited to the credit of herself and Mrs. Kate Wise in the savings account of the defendant bank, contending that such fund was not community property, but held by her in trust for the use and benefit of Mickey Gowan Wilson, her son by her former husband.

It will be seen that appellant's appeal is based solely on the action of the trial court in decreeing $324.15, being the one-half of the savings account with the defendant bank, to appellee as his community interest therein; otherwise, appellant concedes all of the other issues in suit correctly determined by the trial court's judgment. Therefore such other issues are not before us for our consideration. We make no comment on the action of the trial court in reference thereto.

On the issue here presented, it will be observed that the judgment of the trial court makes no disposition of the defendant Texas Bank and Trust Company and its cross-action for affirmative relief in reference to the $648.30 deposited in the savings account in the name of "Mrs. Ida Belle Fleming, or Mrs. Kate Wise"; nor does it dispose of the defendant bank's affirmative cross-action for all cost incurred

by it, or for attorney's fees for making answer herein. From the record here presented, manifestly, Mrs. Kate Wise and the minor beneficiary, Mickey Gowan Wilson, are necessary and essential parties for an ultimate adjudication of the involved fund. A final judgment must determine the rights of all parties and all parties shown to have an interest in the suit, and dispose of all issues involved. If the judgment does not dispose of all issues and parties, there is no final judgment. It follows that if there be no final judgment, the cause is not adjudicated, and the parties to the suit are left pending in the court as though there had been no trial. "It is a general rule that a judgment is not final if it fails to dispose of a plea in reconvention, a set-off, a cross-action, or plea in intervention." 25 Tex.Jur., p. 372, sec. 8. Hence a judgment to be appealable "must be definite, certain in language, and final in form, so as to show clearly that the controversy has been determined and the rights of the parties adjudicated. It should plainly, explicitly and specifically dispose of each and every party to the cause and of each and every issue presented by the pleadings." 3 Tex.Jur., p. 102, sec. 50.

It sometimes happens that a divorce and certain personal and property rights are granted by courts without any adjudication of other issues between the parties. The question then arises that the divorce and such property rights adjudicated become final by the judgment, leaving each of the parties to the divorce action sui juris as to the issues not finally adjudicated. This is so with respect to community property, as well as to the issue of whether or not property is community, or separate, of the erstwhile husband and wife.

The issue on this appeal, having been adjudicated between appellant · and appellee, in absence of all other parties to the suit, and other necessary parties having an interest therein, the judgment of the trial court on that issue is not appealable; hence we have no jurisdiction to determine the rights of the parties thereto. The failure of appellant in not having all parties interested in the fund deposited with the bank, and the defendant bank's affirmative

cross-action with reference thereto finally adjudicated, presents fundamental error requiring a dismissal of this appeal. We therefore dismiss this appeal, thereby leaving this issue for adjudication in the court below. Appeal dismissed without prejudice.