Nettie Lou Lancaster v. Horace Grady Lancaster Et Al

No. A-5299. Decided May 9, 1956.
(291 S.W. 2d Series 303)

530

*Justice & Justice* and *Wm. Wayne Justice,* all of Athens, for petitioner.

The Court of Civil Appeals erred in holding that the filing of the plea in abatement in the Van Zandt County suit took away from the District Court of Henderson County the right of enjoining the respondents from further proceeding in the District Court of Van Zandt County, and in holding that Rule 684 T.R.C.P. is mandatory rather than directory, and since no bond was required by the trial court and none was made in the case at bar, the injunction was void for that reason. Conn v. Campbell, 119 Texas 82, 24 S.W. 2d 813; Russell v. Taylor, Texas Com. App., 49 S.W. 2d 733; Ex parte Coward, 110 Texas 587, 222 S.W. 531.

*Sanders & Stanford,* of Canton, *Wynne & Wynne,* of Wills Point, for respondents.

Since no bond was required of the petitioner by the order of the court, and no bond filed with the clerk, the Court of Civil Appeals correctly held that the injunction issued was void and of no force, and that since the suit as originally filed was an action for divorce the Court of Civil Appeals did not err in holding that the district court of Henderson County had no power or authority to bring in third parties who reside in Van

Zandt County and force them by injunction to litigate their claim in the District Court of Henderson County. Anderson v. Young, 128 Texas 631, 101 S.W. 2d 798; Harris v. Elm Oil Co., 183 S.W. 2d 216, writ of error refused; McCurdy v. Gage, 123 Texas, 558, 69 S.W. 2d 56.

MR. JUSTICE GRIFFIN delivered the opinion of the Court.

On February 12, 1954 petitioner filed suit for divorce and division of community property against respondent, Horace Grady Lancaster, in the District Court of Henderson County, Texas. Included in the community property sought to be divided were approximately 200 head of cattle alleged to be located in Van Zandt County, Texas. Two sons of respondent were made parties defendant upon allegations they were claiming to own some interest in the cattle. Citations were duly issued and served on all defendants.

On August 7, 1954, respondent, Addie Lavada Lancaster, the first wife of Horace Grady Lancaster, filed a suit in the District Court of Van Zandt County, Texas, against petitioner and others and alleged that she, Addie Lavada, had an interest in 65 head of cattle, and that Nettie Lou was claiming some interest in such cattle. Addie Lavada Lancaster sought the appointment of a receiver to take charge of the 65 head of cattle which were alleged to be in Van Zandt County. Citation was duly had on petitioner, Nettie Lou Lancaster. Thereafter on August 14, 1954, Nettie Lou amended her petition in her divorce suit so as to make Addie Lavada a party defendant, alleging that the claim of Addie Lavada for an interest in the 65 head of cattle was fraudulently made. Thereafter, petitioner, Nettie Lou, filed her plea in abatement in the Van Zandt County suit and a hearing on such plea in abatement was set for September 3, 1954. On August 27, 1954, Addie Lavada filed her plea of privilege in the Henderson County suit asking that the cause of action as to her be transferred to Van Zandt County, Texas, where she resided. On August 30, 1954, Nettie Lou filed her second amended original petition against all parties defendant thereto parties to the Henderson County suit, and, in addition, she made the attorneys for Addie Lavada in the Van Zandt County suit parties defendant. Nettie Lou sought a temporary restraining order and temporary injunction against Addie Lavada and her attorney preventing them from proceeding further with the Van Zandt County suit. Nettie Lou also sought an adjudication of the rights which Addie Lavada and the two sons had in the cattle. The temporary restraining order was issued,

due notice given and on September 3, 1954, when the hearing was had on the motion for a temporary injunction, such temporary injunction was granted by the District Court of Henderson County against all defendants, including Addie Lavada's attorneys, restraining them from further proceeding in the Van Zandt County suit. There has been no hearing in the Van Zandt County suit on Nettie Lou's plea in abatement, due to the injunction from the Henderson County District Court. The trial court issued the temporary injunction without requiring Nettie Lou to file an injunction bond. An appeal was taken to the Court of Civil Appeals where the action of the trial court was reversed and remanded. 277 S.W. 2d 824. We affirm the judgment of the Court of Civil Appeals.

"The rule is well settled that, where two actions involving the same subject-matter are brought in different courts having co-ordinate jurisdiction, the court which first acquires jurisdiction, its power being adequate to administer full justice to the rights of all concerned, should retain such jurisdiction, undisturbed by the interference of any other court, and dispose of the whole controversy. Cleveland v. Ward, 116 Texas 1, 285 S.W. 1063, 1071; Texas Trunk Ry. Co. v. Lewis, 81 Texas 1, 8, 16 S.W. 647, 648, 26 Am. St. Rep. 776; Way v. Coca Cola Bottling Co., 119 Texas 419, 29 S.W. 2d 1067." McCurdy v. Gage, 123 Texas 558, 69 S.W. 2d 56.

It is further settled that when a suit between the same parties involving the same subject matter is filed in one court and a later suit on the same demand between the same parties is filed in a court of co-ordinate jurisdiction, the proper procedure is for the plaintiff in the prior suit to file a plea in abatement in the second suit and secure a ruling on such plea. As was said by this Court in McCurdy v. Gage, supra, "If the two cases in controversy involve the same subject-matter, that fact should have been pleaded fully in the Dallas County suit (the suit filed last) *and the issue tested out in that court.*" p. 60, (5, 6). (Emphasis added).

In Cleveland v. Ward, 116 Texas 1, 285 S.W. 1063, it is recognized that a plea in abatement must be filed in the second suit and proof made in the second court that the two suits are between the same parties and involve the same subject matter. In that case, prior to the application for mandamus and other appropriate writs filed in this Court, a plea in abatement had been filed in the second court, a hearing had thereon, and the plea overruled.

In the case of Powers v. Temple Trust Co., 124 Texas 440, 78 S.W. 2d 951, a suit was filed in Coleman County by Powers against the Temple Trust Co., to cancel certain notes and the lien securing same, and a writ of injunction was asked enjoining the Temple Trust Co. from filing suit for foreclosure of the notes in Bell County, Texas. Later, and before issuance and service of citation or injunction upon Temple Trust Co., it filed suit in Bell County against plaintiffs in the Coleman County suit to foreclose the notes and lien on the land which were the subject matter of the Coleman County suit. Citation in the Bell County suit was promptly served on the plaintiffs in the Coleman County suit. About ten days later the citation and injunction issued in the Coleman County suit were served on the plaintiffs in the Bell County suit. The Coleman County plaintiffs did not file a plea in abatement in the Bell County suit, but urged their injunction issued by the Coleman County court. The Bell County plaintiffs filed a motion in the Coleman County suit to dissolve the injunction theretofore issued. This motion was overruled and an appeal was taken by the Bell County parties. The Court of Civil Appeals dissolved the injunction which action was affirmed by this Court upon the grounds that the Coleman County plaintiffs had an adequate remedy at law; to wit, to file a plea in abatement in the Bell County suit and secure a ruling by the Bell County court on the plea in abatement. Further grounds for dissolution of the injunction were that the Coleman County plaintiffs had neither alleged nor proved special circumstance, showing that they would suffer irreparable injury unless the injunction was granted. This Court specifically rejected the contention that an injunction should issue from the court first acquiring jurisdiction, enjoining the parties to the second suit from maintaining it, without first filing a plea in abatement in the second suit and without reference to the adequacy of such defense at law. The court discusses Cleveland v. Ward, 116 Texas 1, 285 S.W. 1063, and points out that Cleveland v. Ward does not authorize an injunction to be issued from the first court merely because the suit was first filed therein. We said:

"The language quoted, when read in connection with the holding made as above stated, and in connection with other statements in the opinion to the effect that Judge Ward had the power to issue the temporary injunction, means nothing more than that in such cases it is within the power of the first court to issue the writ of injunction, and that such writ is properly issued when a showing of necessity for its issuance is

made. *There must be something more than mere proof of conflicting jurisdiction to warrant resort to equity.* There must be evidence of a necessity for the use of injunction." (Emphasis added).

In the case of Coker v. Logan, Tex. Civ. App., 1937, 101 S.W. 2d 284 (6, 7), wr. ref., wherein an injunction was issued by the District Court of Lubbock County enjoining the prosecution of a suit in Bell County, but no plea in abatement was filed in the Bell County suit, the Court said:

"The appellees herein filed no plea in abatement or defense to the suit against them in the district court of Bell County, and failed to show that such plea or defense, if presented, would have been inadequate. This was essential to obtaining injunctive relief against Joseph N. Coker in Lubbock County.

"In Powers v. Temple Trust Co., 124 Texas 440, 78 S.W. 2d 951, 952, it is said: 'In view of the absence both of allegations and of evidence that plaintiff in error resorted or attempted to resort to his remedy at law, the filing of a plea in abatement in the second suit on account of the pendency of the first suit, and the absence of any showing that such remedy would in the peculiar circumstances of the case be inadequate, the Court of Civil Appeals (50 S.W. 2d 362) did not err in dissolving the injunction. It should have been dissolved by the trial court. This conclusion is simply the application of the well-settled rule that: "Matters that will constitute a defense of which complainant may avail himself in a suit pending or threatened against him cannot be made the ground of an injunction to restrain proceedings in such suit, unless he is prepared to allege and prove special circumstances showing that he may suffer irreparable injury if he is denied the preventive remedy." 32 C.J. pp. 99, 100. See, also New Amsterdam Casualty Co. v. Harrington (Tex. Civ. App.) 297 S.W. 307.' "

■ It is true that Nettie Lou has filed a plea in abatement in the Van Zandt County suit, but there has been no hearing had on such plea. The injunction issued out of the District Court of Henderson County enjoined further proceedings in the Van Zandt County suit. The record in this cause does not contain a copy of the plea in abatement, nor is it shown that Addie Lavada has filed an answer to such plea. A copy of Addie Lavada's petition in the Van Zandt County suit is attached to Nettie Lou's second amended original petition, and being the pleading on which the injunction was issued. An inspection

of this petition shows that Addie Lavada's claim to an interest in 65 head of cattle located in Van Zandt County, Texas, is based upon an alleged contract with defendant, Horace (or H. G.) Lancaster, husband of Nettie Lou, dated after November 15, 1948, and prior to January 1, 1949. Her petition does not identify these 65 head of cattle as a part of the 200 head of cattle which Nettie Lou claims are a part of the community property, partition of which is sought in the divorce action. Nettie Lou's divorce petition alleges she and Horace Lancaster were married January 11, 1949. Nettie Lou's amended petition in the Henderson County suit, on which the injunction was granted, states the cattle in which Addie Lavada is claiming an interest are a part of those belonging to the community of Nettie Lou and Horace Lancaster. We have no way of knowing what the answer of Addie Lavada will set out as to these 65 head of cattle, or other matters. In any event, the facts surrounding the plea in abatement and the subject matter of the two suits are not for our original determination. The determination of the plea in abatement in the first instance is within the sole province of the District Court of Van Zandt County, subject, of course, to the orderly process of review afforded by law to the aggrieved party. This Court cannot speculate, much less find, that upon a hearing of the plea in abatement and answer thereto, that the District Court of Van Zandt County will not hold in accordance with the well-settled legal principles. Nettie Lou, not having given the District Court of Van Zandt County an opportunity to pass upon the plea in abatement, is not entitled to her injunction preventing any action in that court. If the facts developed upon such hearing show that the District Court of Henderson County should have and exercise prior active jurisdiction, we feel sure the District Court of Van Zandt County will so hold and abate the suit in that County. In other words, as the matter now stands, Nettie Lou has an adequate remedy at law; viz., to have her plea in abatement disposed of. This being true she was not entitled to her injunction. As this Court said in Cleveland v. Ward, supra:

"These opinions are authority for the proposition that, since the pendency of a prior suit is predicated upon a state of facts, the facts must be seasonably alleged and proved, and, unless this is done, the judgment of the subsequent court is conclusive on the fact of jurisdiction as upon any other fact. Freeman on Judgments (5th Ed.) vol. 2, Secs. 660, 662. This does not militate against our conclusion that, once the necessary facts are pleaded and admitted or proven, or shown by the undisputed

record, as in this case, the subsequent suit is abated and its orders void for want of jurisdiction."

In our case, the necessary facts have only been pleaded, and most certainly are not admitted or proven, or shown by the undisputed record. Addie Lavada must have a chance to answer the plea in abatement before it can be disposed of by any court. Conn v. Campbell, 119 Texas 82, 24 S.W. 2d 813; McCurdy v. Gage, 123 Texas 558, 69 S.W. 2d 56 (5, 6); Russell v. Taylor, Texas Com. App., 49 S.W. 2d 733 (4); V. D. Anderson Co. v. Young, 128 Texas 631, 101 S.W. 2d 798, 800; Powers v. Temple Trust Co., 24 Texas 440, 78 S.W. 2d 951.

■ The District Court of Henderson County, having first obtained jurisdiction of the controversy over the 65 head of cattle, if the facts show these 65 are a part of the 200 head of cattle involved in the divorce suit, had the power to permit Nettie Lou to amend her pleadings and make Addie Lavada a party defendant and determine the ownership of the cattle, subject to Addie Lavada's rights, if any, to be sued in the county of her residence under the provisions of our venue statutes. Cleveland v. Ward, supra; Conn v. Campbell, supra; Powers v. Temple Trust Co., supra. On a petition for divorce and for partition of the community property, all persons who have an interest in the property are proper parties. Wall v. Wall, Tex. Civ. App., 181 S.W. 2d 817 (1, 2), no writ history; Weaver v. Manley, Tex. Civ. App., 1907, 101 S.W. 848, no writ history; Fleming v. Fleming, Tex. Civ. App., 203 S.W. 2d 989, no writ history; Woeltz v. Woeltz, Tex. Civ. App., 57 S.W. 905.

■ The injunction was also void for the reason that no bond was required to be given by Nettie Lou as a condition precedent to the issuance of the injunction. Rule 684, Texas Rules of Civil Procedure, specifically requires the giving of an injunction bond, prior to the issuance of an injunction. Prior to the adoption of the present Rules of Civil Procedure, Article 4649, Revised Statutes, 1925, contained the provisions requiring a bond. The language of the statute with regard to a bond was essentially the same as that part of Rule 684 on this spbject. Prior to the adoption of Rule 693-a in 1943, it had been held by this Court that the requirements that a bond must be given before an injunction could lawfully issue applied to divorce cases. Ex Parte Coward, 110 Texas 587, 222 S.W. 531. It was further held in the Coward case that an injunction issued without a bond having first been filed was void, and would not support a judgment for contempt. That an injunction issued with-

out a prior bond was void was held in the following cases: Johnson v. McMahan, Tex. Civ. App., 1931, 40 S.W. 2d 920, wr. ref.; Farb v. Theis, Tex. Civ. App., 1923, 250 S.W. 290, (2), no writ history; Marshall v. Spiller, Tex. Civ. App., 1916, 184 S.W. 285, no writ history; Crittenden v. Heckman, Tex. Civ. App., 1945, 185 S.W. 2d 495, no writ history, wherein the authorities are collated and discussed. Rule 693-a provides, "In a divorce case the court in its discretion may dispense with the necessity of a bond in connection with an ancillary injunction in behalf of one spouse against the other." In our case Addie Lavada is a third party to the relationship of husband and wife, and Rule 693-a does not apply in so far as the injunction runs against her and her attorneys; therefore, a bond should have been required before the issuance of any injunction—should one have been proper. Roosth v. Roosth, Tex. Civ. App., 181 S.W. 2d 974 (1, 2, 3), no writ history, and authorities cited therein and Crittenden v. Heckman, supra.

We have held that the District Court of Henderson County was not authorized to issue the injunction in this cause, or to interfere with the District Court of Van Zandt County in disposing of the plea in abatement.

The judgment of the Court of Civil Appeals reversing and remanding this cause is affirmed, and the cause is remanded.

Opinion delivered May 9, 1956.