**Norman F. SCHWARTZ et ux., Appellants,**

v.

**Minnie Lee SIMS, Appellee.**

No. 1212.

Court of Civil Appeals of Texas, Corpus Christi.

Sept. 22, 1977.

W. J. Nutto, Bonilla, Read, Nutto & Bonilla, Inc., Corpus Christi, for appellants.

David C. Cook, Corpus Christi, for appellee.

### OPINION

BISSETT, Justice.

This is an appeal by Norman F. Schwartz and wife, Gladys Schwartz, from an order of the District Court of Nueces County, Texas, directing the issuance of a writ of temporary injunction.

Minnie Lee Sims instituted suit against Norman F. Schwartz and wife, Gladys Schwartz to enjoin them from blocking or in any way interfering with her use of an asserted right of way on, over and across a portion of defendants' land. A temporary injunction *pendente lite* was issued by the trial court which enjoined the defendants "from in any way blocking" the asserted right of way, and from interfering in any manner with "the free access and ingress and egress over and across" the right of way, and ordered that "the stakes or poles put or placed on said right of way by Defendants be removed." Defendants have timely perfected an appeal from that order.

In its order granting the temporary injunction, the trial court did not fix the amount of security to be given by plaintiff,

as is required by Rule 684, T.R.C.P., and prior to the issuance of the injunction plaintiff did not execute and file with the Clerk of the District Court of Nueces County, Texas, a bond to the defendants, which is also required by Rule 684.

The failure of the trial court to fix the amount of security to be given by plaintiff, and the failure of plaintiff to file a bond in such amount fixed by the trial court renders the injunction void *ab initio. Goodwin v. Goodwin*, 456 S.W.2d 885 (Tex.Sup.1970); *Lancaster v. Lancaster*, 155 Tex. 528, 291 S.W.2d 303 (1956). Thus, in the appeal before us, the issuance of the injunction was void *ab initio.*

Our holding is dispositive of the appeal. We do not reach defendants' other points of error brought forward in this appeal.

The judgment of the trial court is REVERSED, the injunction is DISSOLVED, and the cause is REMANDED to the trial court.