Charles V. BIALKOWSKI, Appellant,

v.

Whorton JOHNSON and Aztec Management and Investment Company, Inc., Appellees.

No. 6103.

Court of Civil Appeals of Texas, Waco.

Dec. 13, 1979.

Charles V. Bialkowski, pro se.

R. Emmett Harris, Uvalde, for appellees.

OPINION

JAMES, Justice.

This is an appeal from a temporary injunction. Plaintiff-Appellant Charles V. Bialkowski sued Defendant-Appellees Whorton Johnson and Aztec Management and Investment Co., Inc., for damages and for title and possession to real estate under theories of sworn account, fraud, and trespass to try title. Thereafter, Defendants

filed their "First Amended Original Answer" which contained, among other things, a motion for temporary injunction. Pursuant thereto, and after hearing, the trial court entered a temporary injunction wherein Plaintiff was enjoined from renting or attempting to rent a certain mobile home. However, the temporary injunction shows on its face that no bond was required of the parties seeking same, and none was filed by such parties.

Plaintiff Bialkowski, the party enjoined, appeals upon five points of error; however, we need discuss only his first point, to wit, that said temporary injunction is void because no bond was set by the court or filed by the Defendants. We sustain this point.

Under Rule 684, Texas Rules of Civil Procedure, the requirement of a bond is mandatory, and such a temporary injunction without a bond is void. *Lancaster v. Lancaster* (Tex.1956) 155 Tex. 528, 291 S.W.2d 303. For said reason, we reverse and remand the cause to the trial court.

REVERSED AND REMANDED.