HOYT, Justice,
dissenting.
I respectfully dissent. The majority holds that section 11.11(d) of the Texas Family Code authorizes the trial court to dispense with the necessity of a bond in connection with temporary orders affecting a child. Section 11.11 provides in relevant part:
(a) In a suit affecting the parent-child relationship, the court may make any temporary order for the safety and welfare of the child, including but not limited to an order:
(1) for the temporary conservatorship of the child;
(2) for temporary support of the child;
(3) restraining any party from molesting or disturbing the peace of the child or another party;
(4) prohibiting a person from removing the child beyond a geographical area identified by the Court; or
(5) for payment of reasonable attorney’s fees, and expenses.
(b) ...
(c) ,,.
(d) In a suit under this subtitle the court may dispense with the necessity of a bond in connection with temporary orders in behalf of the child.
Tex.Fam.Code Ann. sec. 11.11 (Vernon pamphlet 1986).
An injunction entered by a trial court does not dispense with the necessity of a bond when that injunction enjoins persons not parties to the matter pending before the court. Lancaster v. Lancaster, 155 Tex. 528, 291 S.W.2d 303 (1956).
In Lancaster the petitioner in a suit for divorce and division of community property brought against her husband, sought to bring in the husband’s ex-wife to resolve a question regarding property. A temporary injunction was sought against the husband’s ex-wife which the trial court granted without setting a bond. The Texas Supreme Court, in affirming the Court of Civil Appeals’ decision to reverse and remand the case, held that third parties to a divorce case are not subject to rule 693a, and therefore a bond is necessary to the injunction’s validity. Id. at 308.
*458 By analogy, sec. 11.11(d) does not give the trial court the authority to enjoin third parties from disposing of or using their own funds without the necessity of a bond. On the other hand, the trial court may enter orders enjoining the parties’ conduct in' order to protect a child or a child’s property from waste, and the Court’s authority extends to the partys’ agents relative to the parties’ property.
In the case at bar, Mr. Ayala has a pending cause of action arising out of injuries that he received, at the hands of third-parties, while in the course and scope of his employment. The trial court’s order is drawn in such a manner that all persons who have an interest in the proceeds of the suit are affected. The setting of a bond to protect the interest of those persons not parties to the cause of action and who had an interest in the suit as well as the proceeds from the suit was necessary.
In these cases the appropriate procedure is to abate the appeal and remand the case to the trial court, with instruction and timetables, directing the movant to post an appropriate bond in accordance with further orders of the trial court. If the bond is posted, the clerk should certify to this Court the status of the case so that we may proceed with the merits of the appellant’s appeal. In the event that bond is not posted, the trial court must dissolve the injunction. Williams v. City of Tom Bean, 688 S.W.2d 618, 621-22 (Tex.App.-Dallas 1985, no writ); Evans Division-Royal Industries v. Jeffries, 516 S.W.2d 214, 215-16 (Tex.Civ.App.-Houston [14th Dist.] 1974, no writ).
This opinion is not to be construed as holding that a trial judge cannot enjoin the conduct of parties without setting a bond. On the contrary, sec. 11.11(a) sets out several instance where an injunction can be entered and a bond can be dispensed with, and the list is not exhaustive of the trial court’s authority. This opinion merely suggests that when a trial judge enters an order enjoining persons not parties to the suit from disposing of their property, a bond is required.