Opinion issued November 20, 2008













In The

Court of Appeals

For The

First District of Texas






NO. 01-08-00070-CV






DENNIE BRUNS, Appellant


V.


TOP DESIGN INCORPORATED, Appellees






On Appeal from the 56th District Court

Galveston County, Texas

Trial Court Cause No. 07CV1439






MEMORANDUM OPINION

 Top Design, Incorporated ("TDI") sued Bruns for breach of an employment,
noncompetition agreement. The trial court initially granted an ex parte temporary
restraining order, which set a time and date for a hearing on the motion for temporary
injunction and set a bond at $5,000. After a hearing, the trial court issued a temporary
injunction which restrained Bruns from certain professional activities "in violation
of his non-compete agreement." Although the temporary injunction order set the case
for trial, it did not set any bond.

 In one issue, appellant contends that the trial court erred by granting the
temporary injunction, because: (1) the temporary injunction did not maintain or
preserve the status quo, but actually altered the status quo; (2) the trial court did not
require or fix a bond; (3) Top Design did not show irreparable injury, including
noneconomic damages; and (4) the temporary injunction did not include a detailed
definition of the acts to be restrained. 

 We originally issued this opinion on October 2, 2008, and the mandate issued
October 6, 2008. By petitions for writs of mandamus, prohibition, and injunction,
Dennie Bruns challenged the trial court's July 2, 2008 order vacating the trial court's
May 2008 order transferring venue to El Paso County and instead transferring venue
to DeWitt County. In re Dennie Bruns, Nos. 01-08-00799-CV, 01-08-00800-CV, and
01-08-00801-CV. This order was not part of the appellate record. Before the
expiration of our plenary power under Rule of Appellate Procedure 19.1, we
substitute this opinion for the October 2 opinion, and we vacate the July 2, 2008 order
transferring venue to a county outside this Court's jurisdiction. See Tex. R. App. P.
19.1. We direct the Clerk of the Court to recall the mandate issued on
October 6, 2008; it will have no effect, and a new mandate will be issued. Tex. R.
App. P. 18.7.

Discussion

 Whether to grant or deny a temporary injunction is a decision committed to the
sound discretion of the trial court and will be reversed only for a clear abuse of that
discretion. Butnaru v. Ford Motor Co., 84 S.W.3d 198, 204 (Tex. 2002). The Rules
of Civil Procedure require that an order granting a temporary injunction set the cause
for trial on the merits and fix the amount of security to be given by the applicant. See
Tex. R. Civ. P. 683, 684. "These procedural requirements are mandatory, and an
order granting a temporary injunction that does not meet them is subject to being
declared void and dissolved." Qwest Commc'ns Corp. v. AT&T Corp., 24 S.W.3d
334, 337 (Tex. 2000); see InterFirst Bank San Felipe, N.A. v. Paz Constr. Co., 715
S.W.2d 640, 641 (Tex. 1986) (stating that requirements of Rule 683 are mandatory
and must be strictly followed); see also Lancaster v. Lancaster, 291 S.W.2d 303, 308
(Tex. 1956) (holding temporary injunction void when no bond required of applicant).

 TDI argues that it filed a motion to modify the temporary injunction order,
which was scheduled for hearing on May 2, 2008. No subsequent or modified
temporary injunction order has been filed with this Court. (1) We hold that the
January 25, 2008 temporary injunction is void because no bond was required of the
applicant. 

Order Transferring Venue

 In addition, TDI notified the Court by letter that on May 2, 2008, the trial court 
granted appellant's motion to transfer venue to El Paso County, Texas, a county
outside the jurisdiction of this Court. See Tex. Const. art. V, § 6; Tex. Gov't Code
Ann. §§ 22.201(b), 22.202, 22.216(a) (Vernon 2004 & Supp. 2008). While an appeal
from an interlocutory order is pending, the trial court may not make an order that
"interferes with or impairs the jurisdiction of the appellate court." Tex. R. App. P.
29.5(b). Accordingly, we vacate the order transferring venue because it interferes

with our jurisdiction. Tex. R. App. P. 29.5(b), 29.6(a)(2); see McAllen Med. Ctr., Inc.
v. Cortez, 66 S.W.3d 227, 238 (Tex. 2001). 

 In addition, Dennie Bruns notified this court, by means of three, related
original proceedings, that on July 2, 2008, the trial court vacated its May 2, 2008
order transferring venue and transferred venue to DeWitt County, which is also
outside the jurisdiction of this court. We, likewise, vacate the trial court's July 2,
2008 order transferring venue to DeWitt County, because it interferes with our
jurisdiction. Tex. R. App. P. 29.5(b), 29.6(a)(2); see McAllen Med. Ctr., 66 S.W.3d
at 238. 

Conclusion

 We withdraw our opinion issued October 2, 2008, and we substitute this
opinion in its place. We vacate the October 2, 2008 judgment and direct the Clerk of
the Court to recall the mandate issued October 6, 2008. We reverse the
January 25, 2008 order and dissolve the void temporary injunction against appellant,
Dennie Bruns. We vacate the orders transferring venue to El Paso County and to
DeWitt County. The Clerk of this Court is directed to issue the mandate immediately. 
See Tex. R. App. P. 18.6.



 Sam Nuchia

 Justice


Panel consists of Chief Justice Radack and Justices Taft and Nuchia.


1. Under Rule of Appellate Procedure 29.6(a)(1), we would have been authorized to review
such a modified temporary injunction had it been signed during the pendency of this appeal. Tex.
R. App. P. 29.6(a)(1); Tanguy v. Laux, 259 S.W.3d 851, 855 (Tex. App.--Houston [1st Dist.] 2008,
no pet.).