ACCEPTED
04-15-00360-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
7/8/2015 4:20:26 PM
KEITH HOTTLE
CLERK

## APPEAL NO. 04-15-00360-CV

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
07/08/15 4:20:26 PM
KEITH E. HOTTLE
Clerk

## IN THE COURT OF APPEALS FOR THE FOURTH SUPREME JUDICIAL DISTRICT OF TEXAS SAN ANTONIO, TEXAS

## ANDY SANCHEZ
*Appellant,*

vs.

## JOHN H. MILLER, JR. CO., INC.
*Defendant-Appellee.*

Appealed from the District Court of
Kerr County, Texas
198th Judicial District
Trial Court Cause No. 14467B
The Honorable Rex Emerson

## BRIEF OF APPELLANT

RICHARD L. ELLISON
Broadway Bank Building
500 Main St. Suite J
Kerrville, Texas 78028
830.792.5601
Texas Bar No.: 06580700
rellison@richellison.com
*Attorney for Andy Sanchez*
*Defendant-Appellant*

## IDENTIFY OF PARTIES AND COUNSEL

**Party**                                    **Counsel**

Andy Sanchez, Appellant                      Richard L. Ellison
                                             Broadway Bank Building
                                             500 Main St., Suite J
                                             Kerrville, TX 78028
                                             Tel. 830-792-5601
                                             Fax. 830-792-5602

                                             rellison@richellison.com


John H. Miller, Jr. Co., Inc., Appellee      Stephen B. Schulte
                                             820 Main St. Suite 100
                                             Kerrville, TX 78028
                                             Tel. 830-258-4222
                                             Fax. 830-715-9292

                                             sschulte@schultepc.com

i

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ……………………………………………… i

TABLE OF CONTENTS ……………………………………………………………… ii

INDEX OF AUTHORITIES …………………………………………………………… iii

STATEMENT OF THE CASE …………………………………………………………. 1

ISSUES PRESENTED ………………………………………………………………... 2

STATEMENT REGARDING ORAL ARGUMENT…………………………………………..2

STATEMENT OF FACTS ……………………………………………………………. 2

SUMMARY OF THE ARGUMENT ……………………………………………………….4

ARGUMENT …………………………………………………………………………... 5

STANDARD FOR REVIEW …………………………………………………………... 5

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ORDERED AN INJUNCTION WITHOUT SETTING A BOND …………………………………………………………….5

THERE WAS NO EVIDENCE TO SUPPORT THE INJUNCTION ……………………………...6

PRAYER AND CONCLUSION ………………………………………………………......

_____

## APPENDIX

                                                                                                            TAB

July 7, 2014 Temporary Injunction – Amended ……………………………………. A

May 19, 2015 Order …………………………………………………………………B

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ……………………………………………… i

TABLE OF CONTENTS ……………………………………………………… ii

INDEX OF AUTHORITIES ……………………………………………………… iii

STATEMENT OF THE CASE ……………………………………………………. 1

ISSUES PRESENTED ……………………………………………………... 2

STATEMENT REGARDING ORAL ARGUMENT…………………………………………..2

STATEMENT OF FACTS ………………………………………………….. 2

SUMMARY OF THE ARGUMENT ……………………………………………….4

ARGUMENT ……………………………………………………... 5

STANDARD FOR REVIEW ……………………………………………………... 5

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ORDERED AN INJUNCTION WITHOUT SETTING A BOND ………………………………………………….5

THERE WAS NO EVIDENCE TO SUPPORT THE INJUNCTION ………………………………...6

PRAYER AND CONCLUSION …………………………………………………......

_____

## APPENDIX

                                                                                          TAB

July 7, 2014 Temporary Injuction – Amended ………………………………………. A

May 19, 2015 Order …………………………………………………………B

TO THE HONORABLE COURT OF APPEALS:

Comes now, Andy Sanchez, Appellant, and submits his brief.[1]

## STATEMENT OF THE CASE

Appellee sued Appellee for alleged violation of a noncompete agreement, seeking monetary damages and injunctive relief. The trial court, Hon. Rex Emerson of the 198th Judicial District Court in Kerr County, signed an order that temporarily enjoined Appellant from engaging in the business of selling cars in Kerr and adjoining counties for two years. The temporary injunction expired on its own terms on August 7, 2014. Appellee did nothing to extend the original injunction or to obtain a new one for over eight months.

Appellee filed a motion to hold Appellant in contempt of court for violating the temporary injunction that had expired over eight months earlier. Overruling Appellant's objection, the trial court signed an order on May 19, 2015 that denied the motion for contempt, but held that the temporary injunction had not expired, and was still in effect (CR 33). The order did not require Appellee to post a bond.

Appellant timely filed his notice of interlocutory appeal on June 8, 2015 (CR 35).

## STATEMENT REGARDING ORAL ARGUMENT

Appellant believes this case can be resolved on the written briefs.

## ISSUES PRESENTED

**Issue 1:** Is the May 19, 2015 Order that purports to continue the original temporary injunction void for failure to require the plaintiff to post a bond?

---

[1] The clerk's record will be cited by the abbreviation "CR," followed by page numbers (e.g., CR 10). The reporter's record will be cited by the abbreviation "RR," followed by page and line numbers (e.g., RR 2, 8).

**Issue 2:** Did the trial court abuse its discretion by ordering a temporary injunction that has no evidence to support it?

## STATEMENT OF FACTS

Andy Sanchez ("Sanchez" or "Appellant") was employed by John W. Miller, Jr. Co., Inc., ("Miller" or "Appellee"), as the general manager in Miller's car dealership in Kerrville, Texas. In 2012 they entered into a Noncompetition Agreement that was contained in a Stock Purchase Agreement. They restated and reconfirmed the Noncompetition Agreement in a 2013 Stock Repurchase Agreement and CPI/Commission Adjustment Agreement.

In April, 2014 Sanchez's employment with Miller terminated. Miller initiated this lawsuit in June 12, 2014, claiming that Sanchez breached the Noncompetition Agreement. Miller sued for monetary damages and injunctive relief. Sanchez answered the lawsuit.

After an evidentiary hearing, Hon. Rex Emerson entered an order on June 25, 2014 granting Miller's application for a temporary injunction. On July 7, 2014 the trial court signed a Temporary Injunction – Amended, which replaced the June 25 order (CR 16). The Temporary Injunction prohibited Sanchez from dealing directly or indirectly in the automobile sales business, retail or wholesale, in Kerr and adjoining counties for two years. Paragraph 4 set the case for trial on August 7, 2014, and added that "the order expires at that time or until further order of the Court.". Paragraph 5 provided that "Plaintiff's bond shall remain on file" (CR 16). The Temporary Restraining Order set a bond of $100, and Appellant posted a cash bond.

Sanchez filed his answer and counterclaim, and made a jury demand on July 3, 2014. After Sanchez's counsel informed the Court of the demand, the Court, on its own initiative, removed the case from the August 7, 2014 docket because it was not a jury trial date (see CR 33). There was no written order continuing the case, or extending the temporary injunction, and it expired by its own terms on August 7, 2014. Appellant did not take any steps to secure a new trial setting.

On April 20, 2015, Miller filed a Motion for Contempt, alleging that Sanchez had violated the Temporary Injunction – Amended (CR 18). The trial court heard the motion on May 6, 2015. Sanchez objected to the continuance of the injunction, on the grounds that there was nothing to continue, as the temporary injunction expired on Aug. 7, 2014. On May 19, 2015 the trial court signed an order denying Miller's motion for contempt because the language of the Temporary Injunction was ambiguous such that Sanchez's post injunction conduct could not be punished by contempt (CR 33-34).

In Paragraph 4 of the May 19, 2015 order, the Court ruled that the July 7, 2014 Temporary Injunction remained in full force and effect and would remain so until final trial or further order of the Court (CR 33-34). The order did not require Miller to post a bond. The word "bond" does not even appear in the order (CR 33-34).

Sanchez timely filed his Notice of Interlocutory Appeal on June 8, 2015 (CR 35).

## SUMMARY OF THE ARGUMENT

The Temporary Injunction - Amended signed on July 7, 2014 by the trial court, in Paragraph 4, set the case for trial on Aug. 7, 2014, and provided that this "order expires at

3

that time or until further order of the Court" (CR 16). The case did not go to trial on that date, and the court did not enter any order extending the injunction.

Miller failed to ask for a trial setting, or to ask the trial to extend the temporary injunction. It did nothing until it filed its motion for contempt on April 20, 2015 (CR 18). During the hearing on that motion, Sanchez objected that the temporary injunction had expired on Aug. 7, 2014.

The trial court abused its discretion in its May 19, 2015 Order by ruling that the temporary injunction had remained in force after Aug. 7, 2014 and that it would continue in effect (CR 33-34). There was no evidence presented to support the issuance of a temporary injunction. Furthermore, that Order failed to require Appellee to post a bond. Therefore, the May 19, 2015 Order purporting to impose a temporary injunction is void and should be vacated. Tex. R. Civ. P. 684; *Quest Comms. V. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000).

## ARGUMENT

### A.    Standard for Review.

In the appeal of a temporary injunction, the appellate court reviews the trial court's decision for an abuse of discretion. *Texas Foundries, Inc. v. Int'l Moulders & Foundry Workers' Un.*, 248 S.W.2d 460, 462 (Tex. 1952).

### B.    The Trial Court abused its discretion when it ordered an injunction without setting a bond.

The trial court erred on May 19, 2015 in finding that the temporary injunction remained in effect beyond its expressly stated expiration date of Aug. 7, 2014.

4

The temporary injunction signed by the trial court on July 7, 2014 specifically stated "Plaintiff's application for a permanent injunction is set for trial on August 7, 2014 at 9:00 a.m.… This order expires at that time or until further order of the Court" (CR 16).

As noted in the May 19, 2015 Order (CR 33), when Sanchez filed his jury demand, the trial court removed the case from the trial docket. There was no written order continuing the trial or extending the injunction. Therefore, the injunction expired by its own terms on Aug. 7, 2014. There was nothing for the trial court to extend when it signed the May 19, 2015 Order purporting to continue the temporary injunction (CR 33). Thus the May 19, 2015 order has to stand on its own, and it had to include a provision requiring the plaintiff to post a bond. Tex. R. Civ. P. 684. The Order failed to meet that requirement. Therefore, it was void and unenforceable. Tex. R. Civ. P. 684; *Quest Comms. V. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000).

In *Quest*, the Court stated that the Texas Rules of Civil Procedure require that an order granting a temporary injunction set the cause for trial on the merits and fix the amount of security to be given by the applicant. See TEX. R. CIV. P. 683, 684. These procedural requirements are mandatory, and an order granting a temporary injunction that does not meet them is subject to being declared void and dissolved. Id. at 337. The requirement of the filing of a bond is a condition precedent to issuance of a temporary injunction. *Lancaster v. Lancaster*, 291 S.W.2d 303, 308 (Tex. 1956). The facial validity of an injunction will be contingent on compliance by the court and moving party with the prerequisites of Rule 684. Id.

5

The May 19, 2015 Order was a new temporary injunction, that failed to require Appellant to post a bond (CR 33). Therefore, it was and is void and should be dissolved.

**C.    The trial court abused its discretion because there was no evidence to support the injunction.**

The original injunction expired on Aug. 7, 2014 (CR 16). Appellant did nothing to have it reinstated and took no action at all for over eight months, when it filed its Motion for Contempt on April 20, 2015 (CR 18). At the May 6, 2015 hearing Appellant failed to present evidence to show that it didn't have an adequate remedy at law, a requirement for a temporary injunction. *McGlothlin v. Kliebert*, 672 S.W.2d 231, 232 (Tex. 1984). The trial court abused its discretion by imposing a new temporary injunction with no evidence to support it.

**PRAYER AND CONCLUSION**

Appellant respectfully asks the Court to rule that the May 19, 2015 Order imposing a temporary injunction is void for lack of the condition precedent of requiring the plaintiff to post a bond, and for no evidence to support it, and order the injunction dissolved.

Respectfully submitted,

/S/ Richard L. Ellison
SBOT 06580700
Broadway Bank Bldg.
500 Main St. Suite J
Kerrville, Texas 78028
Telephone: (830) 792-5601
Facsimile:  (830) 792-5602
rellison@richellison.com

ATTORNEY FOR APPELLANT
ANDY SANCHEZ

6

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2015 I filed this brief electronically with the Clerk of the Court of Appeals, who will serve a copy on Appellee's counsel, and that I delivered a copy electronically to Appellee's counsel by personal delivery of certified mail/return receipt requested Stephen B. Schulte, 820 Main St., Suite 100, Kerrville, Texas 78028.

/S/ Richard L. Ellison

APPENDIX A

NO. 14467B

JOHN W. MILLER, JR., CO., INC. § IN THE DISTRICT COURT
§ § §
v. § 198th JUDICIAL DISTRICT
§ § §
ANDY SANCHEZ § KERR COUNTY, TEXAS

## TEMPORARY INJUNCTION – AMENDED

On June 24, 2014, the Court heard Plaintiff's Application for a Temporary Injunction. Plaintiff appeared through counsel and an authorized representative. Defendant appeared in person and through counsel. This amended order replaces the Court's June 25, 2014 order. After hearing the evidence and argument of counsel, the Court GRANTS the application as follows:

1. This temporary injunction is directed to defendant Andy Sanchez, his employees, officers, agents, consultants, participants, partners, and co-owners, and those persons in active concert or participation with them.

2. These persons are commanded by the Court to desist and refrain from the continuation or commission of the following acts:

    a. Directly or indirectly engaging in or carrying on any business that is in competition with the business of Plaintiff.

    b. Directly or indirectly soliciting, diverting, taking away or attempting to take away any of the employees, customers, clients, business or patronage of Plaintiff.

These restrictions specifically include retail sales and the purchase of used motor vehicles for the purpose of reselling (on a wholesale basis) those vehicles in Kerr County or counties immediately adjacent to Kerr County

3. It clearly appears from the specific facts shown by Plaintiff and the parties' noncompetition agreement that immediate and irreparable injury will result to Plaintiff if this injunction is not issued and that if Sanchez and his employees, officers, agents, consultants, participants, partners, and co-owners are not restrained from the acts described above, Plaintiff will suffer injury. Plaintiff has no adequate remedy at law. Plaintiff has exercised due diligence in prosecuting the underlying claim in this cause.

Plaintiff's injury if the injunction is not issued will outweigh any injury to Sanchez that may occur if the restraining order is issued. The injunction will not disserve the public interest.

4. Plaintiff's application for a permanent injunction is set for trial on August 7, 2014, at 9:00 a.m., at the Kerr County Courthouse in Kerrville, Texas. This order expires at that time or until further order of the Court.

5. Plaintiff's bond shall remain on file.

Date: June 2, 2014.

_____
Presiding Judge

Copies to: 7/4/14 e/c

✓ S. Schulte
✓ S. Harpold

FILED 7-8- 20 14
@ 2:00 P M
ROBBIN BURLEW
District Clerk, Kerr County, TX
By_____ Deputy

2

APPENDIX B

## NO. 14467B

| | | |
|---|---|---|
| JOHN W. MILLER, JR., CO., INC. | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | 198th JUDICIAL DISTRICT |
| | § | |
| ANDY SANCHEZ | § | KERR COUNTY, TEXAS |

### ORDER

On May 6, 2015, the Court heard Plaintiff's Motion for Contempt. Plaintiff appeared through counsel and an authorized representative. Defendant appeared in person and through counsel. After hearing the evidence and argument of counsel, the Court finds as follows:

1. On June 25, 2014, the Court entered a Temporary Injunction against defendant Andy Sanchez and set the matter for trial on August 7, 2014. The Court amended the injunction on July 7, 2014. It was the Court's intent that the injunction remain in place until the matter was called to final trial or until further order of the court.

2. On July 3, 2014, Sanchez filed a jury demand. After Sanchez counsel informed the Court of the demand, the Court, on its own, removed the case from the August 7, 2014 docket because it was a not a jury trial date. To date, a jury trial has not been scheduled.

3. At the contempt hearing, Sanchez argued that the injunction expired on August 7, 2014. The Court disagrees that the injunction expired, but finds that the language of the July 7 Temporary Injunction is ambiguous such that Sanchez's post-injunction conduct cannot be punished by contempt. Therefore, Plaintiff's motion is denied.

4.  The Court confirms that the July 7, 2014 Temporary Injunction remains in full force and effect and orders that it is in full force and effect until final trial of this matter or further order of the Court.

5.  This case is set for jury trial at _____ on _____, 2015, at the Kerr County Courthouse, Kerrville, Texas.

6.  The parties will mediate this case within thirty (30) days of this order, using _____ as mediator.

Date:  May ___, 2015.


_____
Presiding Judge

Approved as to form:


_____
Stephen Schulte
Attorney for Plaintiff

*Approve as to form only*

*Richard Ellison*

Richard Ellison
Attorney for Defendant


Copies to:

S. Schulte
R. Ellison


2