**Affirmed as Modified and Opinion filed October 7, 2021.**



In The

# Fourteenth Court of Appeals

### NO. 14-20-00115-CV

## IN RE GUARDIANSHIP OF QIONG-YING DUAN CHANG, AN ALLEGED INCAPACITATED PERSON

**On Appeal from the Probate Court No. 1**
**Harris County, Texas**
**Trial Court Cause No. 468149**

### O P I N I O N

In this appeal from a guardianship proceeding, Li Chang relies on a partial reporter's record in her challenge to the final judgment that she lacked standing to bring the proceeding. She also challenges an order, merged into the final judgment, sanctioning her for allegedly violating a temporary restraining order. We must presume that a complete reporter's record would have supported the trial court's ruling that Li[1] has interests adverse to those of her mother, and thus, Li lacked

---

[1] Because this case concerns individuals with the same or similar family names we refer to the participants by their given names.

standing to bring and maintain this proceeding. On the other hand, the trial court abused its discretion in sanctioning Li for violating a temporary restraining order (TRO), because no enforceable TRO existed at the time of the alleged violation. We accordingly modify the judgment to vacate the sanctions award, and as modified, we affirm the judgment.

## I. BACKGROUND

In June 2018, Li filed an emergency application for appointment of a temporary and permanent guardian of the person and estate of her mother Qiong-Ying Duan Chang. In Li's capacity as an applicant for guardianship, she also filed a petition asserting claims against Quing Hua "Julia" Liu, who is the widow of Li's late brother.

By late August 2018, after Li had twice amended her guardianship application, she had purchased tickets to China for her mother and herself on a flight leaving Houston at 1:00 a.m. on Wednesday, August 29, 2018. Several significant things then happened in rapid succession.

On August 27, 2018, Julia filed an opposition challenging Li's standing to apply for a guardianship for Qiong-Ying Duan on the ground that Li's interests were adverse to those of Qiong-Ying Duan. Julia also applied for grandchildren's access to Qiong-Ying Duan and for a TRO and a temporary injunction preventing Li from taking Qiong-Ying Duan out of the country.

On the morning of August 28, 2018, Li filed a motion in limine[2] challenging Julia's standing to contest the guardianship application, alleging that Julia's interests

---

[2] In the context of a guardianship proceeding, a "motion in limine" is a term of art referring to a motion challenging a person's standing on the ground that the person has an adverse interest to the proposed ward or incapacitated person. *See* TEX. EST. CODE ANN. § 1055.001(c).

were adverse to those of Qiong-Ying Duan. On the same ground, Li also moved to strike and dismiss Julia's application for a TRO.

At 2:00 p.m. that afternoon, the trial court signed an order that granted Julia's application for a TRO and that expressly stated, "Julia Liu shall post a bond in the amount of $2500.00 to make this an enforceable Order." At an unstated time on the same day, the trial court denied Li's motions in limine and to strike and dismiss Julia's TRO application. Julia's counsel successfully faxed the order to Li's counsel and attempted unsuccessfully to have the order privately served at Li's house that night and to hand-deliver it to her at the airport while she and her mother waited for their flight. Having been advised by counsel that the order was ineffective, Li departed for China with Qiong-Ying Duan as planned. On August 30, 2018, Julia filed the $2,500.00 TRO bond.

Ten days later, Qiong-Ying Duan's grandchildren Michelle Chang, Tina Chang, and Sunny Chang (collectively, the Grandchildren) joined in Julia's opposition to Li's amended application for appointment of a guardian and in her application for a TRO, for a temporary injunction, and for grandchildren's access.

After Li and her mother returned from China, Julia and the Grandchildren moved to sanction Li for allegedly violating TRO by taking her mother to China on August 29, 2018. Li responded that there was no enforceable TRO at that time because Julia did not file a bond or request issuance of a writ before the flight departed. The trial court granted the motion and ordered Li to pay sanctions of $2,500.00 to Julia.

In February 2019, Li again filed a motion in limine contesting Julia's standing, and Julia and the Grandchildren filed a cross-motion contesting Li's standing. Shortly thereafter, the Grandchildren amended their motion in limine to remove Julia as a guardianship contestant. Li then filed a motion in limine alleging that the

3

Grandchildren lacked standing to contest Li's guardianship application. Finally, Li supplemented her application to ask that a guardianship be created for her mother's person and estate, but that she be appointed guardian only of Qiong-Ying Duan's person.

The Grandchildren's and Li's cross-motions in limine were heard on several days in October, and on November 8, 2019, the trial court signed separate orders granting the Grandchildren's motion and denying Li's. In other words, the trial court ruled that the Grandchildren had standing to contest Li's standing, then agreed with the Grandchildren that Li had interests adverse to her mother and therefore lacked standing to institute guardianship proceedings. Neither Julia nor any of the Grandchildren applied for creation of a guardianship over Qiong-Ying Duan's person or estate, and the record before us does not contain an application by any other person; thus, the orders of November 8, 2019, are a final judgment.

Li and the Grandchildren each requested findings of fact and conclusions of law, which the trial court issued. Li's motion for reconsideration or for a new trial was overruled.

On appeal, Li presents five issues challenging (a) the granting of the Grandchildren's motion in limine that Li lacks standing, and (b) the sanctions order, which merged into the final judgment.

## II. CHALLENGE TO THE RULING THAT LI LACKS STANDING

In her first three issues, Li argues that the trial court erred in concluding that she has interests adverse to her mother that deprive Li of standing, because (a) the trial court failed to apply the adverse-interest standard articulated in *Betts v. Brown*, No. 14-99-00619-CV, 2001 WL 40337 (Tex. App.—Houston [14th Dist.] Jan. 18,

4

2001, no pet.) (not designated for publication);[3] (b) by the time of the limine hearing, Li ceased to have interests adverse to her mother; and (c) the trial court treated Li's breach of fiduciary duty as a dispositive issue without considering whether Li had redeemed the breach. In support of these issues, Li relies on a partial reporter's record containing the testimony only of Li and of Ben Xu, who is referred to variously as Li's boyfriend or her husband. Li omitted the testimony of all adverse witnesses.

A partial reporter's record sometimes suffices to show harmful error. If the parties have filed a written stipulation agreeing to the contents of a partial record, then we will presume that the agreed record contains "all evidence and filings relevant to the appeal." TEX. R. APP. P. 34.2. The parties also have the option to file an agreed statement of the case. *See* TEX. R. APP. P. 34.3. Even without an agreement between the parties, an appellant can request a partial reporter's record and "include in the request a statement of the points or issues to be presented on appeal and will then be limited to those points or issues." TEX. R. APP. P. 34.6(c)(1). But in the absence of an agreement between the parties or a statement of the appellant's issues to be presented on appeal, "we must presume that the omitted portions of the record are relevant and would support the judgment." *Mason v. Our Lady Star of the Sea Catholic Church*, 154 S.W.3d 816, 822 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

Because the record before us does not contain the parties' agreement to a partial reporter's record, an agreed statement of the case, or a statement of Li's issues to be presented on appeal, we must presume that a complete reporter's record would

---

[3] As a civil case issued before 2003 with the designation "do not publish," *Betts v. Brown* has no precedential value. *See* TEX. R. APP. P. 47.7(b); *Guardianship of A.S.K.*, No. 14-15-00588-CV, 2017 WL 3611845, *4 n.7 (Tex. App.—Houston [14th Dist.] Aug. 22, 2017, pet. denied) (mem. op.).

have supported the trial court's judgment. *See Bennett v. Cochran*, 96 S.W.3d 227, 229 (Tex. 2002) (per curiam) ("There is no question that, had Bennett completely failed to submit his statement of points or issues, Rule 34.6 would require the appellate court to affirm the trial court's judgment."). In accordance with that presumption, we overrule Li's first three issues and affirm the trial court's ruling that Li lacked standing to bring this guardianship proceeding.

### III. CHALLENGE TO THE SANCTIONS ORDER

In her fourth and fifth issues, Li challenges the sanctions order, which we review for abuse of discretion. *See White v. Zhou Pei*, 452 S.W.3d 527, 545–46 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Because her fifth issue is dispositive, we do not address her fourth issue.[4]

In their motion for sanctions, Julia and the Grandchildren relied on the trial court's "inherent power to sanction for interference with judicial process," with the claimed interference being Li's alleged violation of a TRO on August 29, 2018, by travelling to China with her mother and remaining there for a month and a half despite actual knowledge that the trial court signed on order on August 28, 2018, granting Julia's application for a TRO to prevent Li from taking Qiong-Ying Duan out of the country. Li argues in her fifth issue that the trial court erred in granting the sanctions motion because the order was ineffective when she allegedly violated it, inasmuch as (a) the order was unenforceable before Julia posted the $2,500.00 bond called for in the order, and Julia did not post the bond until August 30, 2018; (b) the

---

[4] In her fourth issue, Li contends that the sanctions order must be reversed because it was based on the order granting Julia's application for a TRO, and the trial court erred in hearing Julia's application for a TRO without first holding an evidentiary hearing on Li's motion in limine challenging Julia's standing.

TRO was void under Texas Rule of Civil Procedure 684; and (c) no writ of injunction was requested or issued until after the flight departed.

We agree with Li that, as a matter of law, there was no enforceable TRO when she and her mother flew to China, and thus, the sole ground on which sanctions were sought is invalid.

Texas Rule of Civil Procedure 684 provides,

> In the order granting any temporary restraining order or temporary injunction, the court shall fix the amount of security to be given by the applicant. *Before the issuance of the temporary restraining order* or temporary injunction *the applicant shall execute and file with the clerk a bond to the adverse party,* with two or more good and sufficient sureties, to be approved by the clerk, in the sum fixed by the judge, conditioned that the applicant will abide the decision which may be made in the cause, and that he will pay all sums of money and costs that may be adjudged against him if the restraining order or temporary injunction shall be dissolved in whole or in part.

TEX. R. CIV. P. 684 (emphasis added); *see also* TEX. R. CIV. P. 14C (a party may deposit cash in the court's registry in lieu of a surety bond). The requisites of a writ of injunction, which apply equally to a temporary restraining order, include the requirement that it be "be dated and signed by the clerk officially and attested with the seal of his office and the date of its issuance must be indorsed thereon." TEX. R. CIV. P. 687(f). The clerk is to issue the writ "[w]hen the petition, order of the judge and bond have been filed." TEX. R. CIV. P. 688.

These procedural requirements are mandatory. *See, e.g.*, *In re Office of Attorney Gen.*, 257 S.W.3d 695, 697–98 (Tex. 2008) (per curiam) (orig. proceeding); *Qwest Commc'ns Corp. v. AT & T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000) (per curiam); *Ex parte Lesher*, 651 S.W.2d 734, 736 (Tex. 1983) (orig. proceeding); *Lancaster v. Lancaster*, 155 Tex. 528, 536–37, 291 S.W.2d 303, 308 (1956). In accordance with these requirements, the trial court specified in its order that "Julia

7

Liu shall post a bond in the amount of $2500.00 to make this an enforceable Order . . . ."

But Julia moved for sanctions based on actions Li performed when the trial court's order was unenforceable. Aside from the evidence of attorney's fees, the sanctions motion was supported only with evidence of events that occurred on August 28 and 29, 2018, before a bond had been filed or a cash deposit made. On those dates, no enforceable writ had been issued and served.

In granting the motion, the trial court stated that Li "violated the Court's August 28, 2018 Temporary Restraining Order, despite having actual knowledge of the order, and such violation constitutes a bad faith abuse of the judicial process and interference with a traditional core judicial function." The undisputed evidence, however, conclusively establishes that Li had actual knowledge only of an unenforceable order, and thus, her failure to treat the order as binding neither abused the judicial process nor interfered with a traditional core judicial function. We accordingly sustain Li's fifth issue.

## IV. CONCLUSION

Given the presumption arising from the partial reporter's record, we presume that a complete record would have supported the trial court's ruling that Li lacked standing to bring this guardianship proceeding. However, in sanctioning Li for violating an unenforceable order, the trial court abused its discretion as a matter of law. We accordingly modify the judgment by vacating the sanctions award, and, having overruled Li's challenges to the order granting the Grandchildren's motion in limine, we affirm the judgment as modified.

/s/    Tracy Christopher
Chief Justice

Panel consists of Chief Justice Christopher and Justices Hassan and Poissant.