**Ex parte M. Mark LESHER.**

**Ex parte James J. NAPLES.**

**Nos. C–2063, C–2064.**

Supreme Court of Texas.

June 8, 1983.

Frank T. Nagle, Austin, Gribbins, Burrow & Bratton, David H. Burrow, Houston, for relators.

Don C. Cooksey, Donald W. Capshaw, Winford L. Dunn, Raymond D. Anderson, Texarkana, for respondent.

WALLACE, Justice.

These are original habeas corpus proceedings. The 102nd District Court of Bowie County, Texas, found Relators M. Mark Lesher and James J. Naples in contempt for violation of a temporary restraining order. They were assessed fines of $500 each and committed to jail, Lesher for ten days and Naples for five days. The issue before us is whether the temporary restraining order was void because the court expressly waived a bond and none was posted. We grant the writs of habeas corpus and order Relators released.

Lynn Cooksey was the maker of a promissory note secured by a deed of trust covering a tract of real estate in Bowie County, Texas. James J. Naples claimed ownership of the note and M. Mark Lesher was the substitute trustee under the deed of trust. After default on the note, Cooksey negotiated a sale of part of the real estate and tendered payment to Naples of the balance of principal and interest due on the note. In addition to the principal and interest, Naples demanded attorney's fees which Cooksey refused to pay, whereupon Lesher posted the property for public sale on April 5, 1983. Cooksey deposited the total amount demanded by Naples with Texar-kana Title & Abstract Company and in addition filed with the title company an indemnity bond in the amount of $50,000 payable to the title company and its assignees. Cooksey then filed a suit for declaratory judgment in the district court. Although his petition asked the Court to take said monies into the Registry of the Court, no such funds were in fact deposited with the court. On April 4, the district court issued an ex parte temporary restraining order directing Lesher and Naples to not sell the real estate in question at public auction on April 5. Though both were served with the order, they went ahead with the sale anyway.

Lesher and Naples argue that they were under no duty to comply with the temporary restraining order because it was void on its face for failing to recite that the court had determined the amount of security to be given by Cooksey, and for the further reason that Cooksey did not execute and file with the clerk a bond prior to issuance of the temporary restraining order as required by Tex.R.Civ.P. 684. The Relators cite our holding in *Lancaster v. Lancaster,* 155 Tex. 528, 291 S.W.2d 303, 308 (Tex. 1956), as authority for their argument. *Lancaster* held that an injunction was void for the reason that no bond had been required by the trial judge as a condition precedent to the issuance of the injunction under Rule 684. *Ibid.* See also *Goodwin v. Goodwin,* 456 S.W.2d 885 (Tex.1970); *Ex Parte Coward,* 110 Tex. 587, 222 S.W. 531 (1920) (cited in *Lancaster,* 291 S.W.2d at 308). Cooksey answers that the restraining order was lawful because a trial judge may always issue an injunction to preserve jurisdiction. He does not mention our holding in *Lancaster* but relies instead on *Dawson v. First City National Bank of Troup,* 417 S.W.2d 652 (Tex.Civ.App.—Tyler 1967, no writ) and *Pendleton Green Associates v. Anchor Savings Bank,* 520 S.W.2d 579 (Tex. Civ.App.—Corpus Christi 1975, no writ). Both *Dawson* and *Pendleton Green* involved the power of courts of appeals to issue injunctions to preserve their jurisdiction as provided by Tex.Rev.Civ.Stat.Ann. art. 1823. See also *Davis v. Huey,* 571 S.W.2d 859, 863 (Tex.1978).

We first note that the holdings in *Dawson* and *Pendleton Green* are not applicable in the instant case. Both of those cases involved the jurisdictional statute for the courts of appeals, Art. 1823. This case turns on the power of a trial court to give injunctive relief under Tex.Rev.Civ.Stat. Ann. art. 1914. *Dawson* and *Pendleton Green* are inapposite to the case before us. For this reason we do not pass on the correctness of either holding.

*Lancaster* is the controlling authority in this instance and it mandates that the facial validity of an injunction will be contingent on compliance by the court and moving party with the prerequisites of Rule 684. The rule is clear and specific in its requirements for the issuance of a temporary injunction.

> In the order granting any temporary restraining order or temporary injunction, the court shall fix the amount of security to be given by the applicant. *Before* the issuance of the temporary restraining order or temporary injunction the applicant *shall* execute and file with the clerk a bond to the adverse party, with two or more good and sufficient sureties, to be approved by the clerk, in the sum fixed by the judge.... (Emphasis added).

Tex.R.Civ.P. 684. We held in *Lancaster* that the provisions of Rule 684 are mandatory and an order of injunction issued without a bond is void on its face.

It is immaterial that a third party, the title company, was holding in escrow an amount of money equal to the sum claimed by Naples. The intent of this Court in promulgating Rule 684 was to require a bond *payable to a party against whom a temporary restraining order or injunction is issued* before the order may lawfully issue. Without such bond the order is void. *Lancaster,* supra. The district court erred in waiving a bond prior to issuing the temporary restraining order. The order is thus void of legal effect and will not support an order of contempt.

The writs of habeas corpus are granted and Relators are ordered discharged.