Opinion filed January 29, 2010











 
 
  
 
 







 
 
  
 
 




Opinion filed January 29,
2010

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-09-00162-CV

                                                    __________

 

    ADOBE OILFIELD SERVICES, LTD. AND ADOBE IRONWORKS,
LTD., 

                                                      Appellants

 

                                                             V.

 

                              TRILOGY
OPERATING, INC., Appellee

 



 

                                          On
Appeal from the 70th District Court

                                                           Ector
County, Texas

                                                 Trial
Court Cause No. A127,214

 



 

                                                                   O
P I N I O N

 

Trilogy
Operating, Inc., the operator of the oil and gas wells involved in this suit,
filed suit requesting both a temporary injunction and a permanent injunction to
protect the wells from liens and encumbrances asserted or potentially asserted
by Adobe Oilfield Services, Ltd. and Adobe Ironworks, Ltd.[1] 
The trial court entered an order of temporary injunction.  Adobe Oilfield and
Adobe Ironworks appeal.  We affirm.








                                                 Propriety
of Deposit in Lieu of Bond

In
their first issue, appellants contend that the order of temporary injunction is
void because Trilogy=s
cash deposit in lieu of bond does not comply with Tex. R. Civ. P. 684.  Rule 684 requires that an applicant
execute and file a bond to the adverse party in the sum fixed by the trial
court, Aconditioned
that the applicant will abide the decision which may be made in the cause, and
that he will pay all sums of money and costs that may be adjudged against him@ if the temporary
injunction is dissolved.  Neither the trial court=s
order nor Trilogy=s
notice of filing of cash in lieu of bond contained any language of such a
condition.  Relying upon Ex parte Lesher, 651 S.W.2d 734, 736 (Tex.
1983), appellant argues that the order granting the temporary injunction is,
therefore, void.  

The
facts of Lesher are distinguishable.  In Lesher, the trial court
failed to require any bond or security as a condition precedent to the issuance
of the temporary restraining order and, thus, failed to comply with the
mandatory provisions of Rule 684.  The supreme court held that the order was
void.  Lesher, 651 S.W.2d at 736.  Similar results were reached in Lancaster
v. Lancaster, 291 S.W.2d 303, 308 (Tex. 1956), where the trial court failed
to require the posting of a bond as a condition precedent to the issuance of a
temporary injunction.  

The
record in this case shows that Trilogy, in compliance with the trial court=s order,  deposited $1,000
cash as security for the temporary injunction plus an additional $300,000 into
the registry of the trial court.  The deposits were approved by the district
clerk.  Anytime a surety bond is required, a party may instead deposit cash in
lieu of filing the bond.  Tex. R. Civ.
P. 14c.[2]  Trilogy
deposited cash instead of filing a bond.  








Appellants
assert that the cash deposit must nevertheless comply with the Aconditioned@ provisions of Rule 684 and
Rule 14c. The same argument was made and rejected by the Dallas Court of
Appeals in Seib v. American Savings & Loan Ass=n of Brazoria County,
No. 05-89-01231-CV, 1991 WL 218642 (Tex. App.CDallas
1991, no writ) (not designated for publication).  In Seib, the Dallas
court held, ARule 14c
automatically incorporates with a cash deposit all the necessary statutory
conditions for a proper surety bond.@ 
1991 WL 218642, at *6.  We agree with the logic of our sister court.  The cash
that Trilogy deposited with the clerk of the trial court insures that Trilogy
will abide by the decision in this cause and will pay all sums of money and
costs adjudged against it if the temporary injunction is dissolved.  See id. 
Thus, the cash deposit constituted a proper bond under Rules 684 and 14c. 
Appellants= first
issue is overruled.  

                                                             Temporary
Injunction

In
the remaining ten issues, appellants assert that the trial court abused its
discretion in granting the temporary injunction.  They argue in the second,
third, and fourth issues that there is no evidence or allegation that
appellants= liens were
invalid.  In the fifth issue, appellants assert that the temporary injunction
reverses the status quo.  In the sixth and seventh issues, appellants assert
that there is no evidence that Trilogy had a probable right to relief or that
Trilogy would be harmed if the temporary injunction was not granted.  In the
eighth issue, appellants argue that their due process rights were violated by
the requirement that they release their liens.  In the ninth and tenth issues,
appellants contend that there is no evidence that Trilogy cannot be adequately
compensated in damages and Ano
evidence that measures the damages by any certain pecuniary standard.@  In their final issue,
appellants argue that the temporary injunction was an improper advisory opinion
as to four wells over which appellants had not filed a lien.

The
purpose of a temporary injunction is to preserve the status quo of the
litigation=s subject
matter pending trial on the merits.  Butnaru v. Ford Motor Co., 84
S.W.3d 198, 204 (Tex. 2002).  An applicant for temporary injunction Amust plead and prove three
specific elements:  (1) a cause of action against the defendant; (2) a probable
right to the relief sought; and (3) a probable, imminent, and irreparable
injury in the interim.@[3] 
Id.  An injury is irreparable if the injured party cannot be adequately
compensated in damages or if the damages cannot be measured by any certain
pecuniary standard.  Id.  We review a trial court=s order granting a temporary injunction for an
abuse of discretion.  Id.  








As
the operator of the wells at issue, Trilogy asserted that it had an obligation
to protect the property from any liens and encumbrances.  Trilogy further
asserted that the liens were prohibited by Chapter 56 of the Texas Property
Code.  Trilogy entered into contracts with Adobe Drilling Services to drill six
wells.  With respect to five of these wells, invoices totaling almost two
million dollars were submitted by Adobe Drilling and paid in full by Trilogy. 
Trilogy was subsequently contacted by PNC Bank, N.A., who claimed a right to
Adobe Drilling=s
accounts receivables pursuant to a security interest perfected under the
Uniform Commercial Code.  Subsequent to PNC=s
notice, Trilogy held the undisputed amounts owed to Adobe Drilling and Adobe
Trucking in suspense and later deposited them into the registry of the trial
court.  An attorney for Adobe Oilfield and Adobe Ironworks sent a letter to
Trilogy demanding payment and threatening to file liens against the mineral
properties related to all six wells at issue in this case because Adobe
Oilfield and Adobe Ironworks as subcontractors had supplied labor and materials
to the contractor, Adobe Drilling, but had not been paid by Adobe Drilling. 
Shortly thereafter, Trilogy filed this suit seeking injunctive relief to
protect the properties from the threatened liens and to have the trial court
enter a declaratory judgment regarding the monetary claims of the various parties. 
After this suit was filed, appellants filed mineral property lien affidavits
with respect to two of the six wells.

At
the hearing on the temporary injunction, Trilogy offered proof that it had a
contractual obligation to protect the land from liens and that preventing the
filing of liens Ais
crucial@ to protect
the working interest owners and the ability of some investors to obtain loans. 
Trilogy=s president 
testified that such liens would prevent Trilogy from being able to raise money
and would have a negative impact on Trilogy, its reputation, and its ability to
obtain services from others in the industry because of the erroneous implication
that Trilogy was not paying its bills.  Trilogy offered proof that it had
timely paid Adobe Drilling for all amounts owed prior to PNC=s notice and would gladly
pay the remaining amounts held in suspense if it knew whom to pay.  Trilogy
also offered proof that Adobe Drilling had a contractual obligation to pay its
subcontractors and Ato
allow no lien by such third parties . . . upon the lease, the well, or other
property of Operator or the land upon which said well is located.@








Tex. Prop. Code Ann. ' 56.006 (Vernon 2007)
provides:  AAn owner
of land or a leasehold may not be subjected to liability under this chapter
greater than the amount agreed to be paid in the contract for furnishing
material or performing labor.@ 
At the time this injunction issued, Trilogy had paid all of the undisputed
amounts agreed to in its contract with Adobe Drilling:  either via check to
Adobe Drilling or via the sum deposited into the registry of the trial court. 
Trilogy also had a contractual obligation to protect the property from liens
and encumbrances.  At the time of the filing of this suit, the mineral property
lien affidavits had not been filed.  This injunctive suit was filed to maintain
the status quo and to prevent the threatened liens from being filed.  Trilogy
brought forth evidence showing a probable right to the relief sought and
probable, imminent, and irreparable injury that could not be measured by any
certain pecuniary standard.  Furthermore, appellants have not shown that their
due process rights were violated by the temporary injunction or that the trial
court=s order
constitutes an improper advisory opinion.  We hold that the trial court did not
abuse its discretion in granting the temporary injunction.  Appellants= Issues Nos. Two through
Eleven are overruled.

The
trial court=s order
for temporary injunction is affirmed.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

January 29, 2010

Panel consists of:  Wright, C.J.,

McCall, J., and Boyd, S.J.[4]









[1]Trilogy also named as defendants Adobe Drilling
Services, Ltd.; Adobe Trucking, Inc.; PNC Bank, N.A.; and Eagle Propane &
Fuels, LLC.  These defendants, however, are not parties to this appeal.





[2]Rule 14c provides: 

 

Wherever these rules provide for the filing of a surety bond, the party
may in lieu of filing the bond deposit cash or other negotiable obligation of
the government of the United States of America or any agency thereof, or with
leave of court, deposit a negotiable obligation of any bank or savings and loan
association chartered by the government of the United States of America or any
state thereof that is insured by the government of the United States of America
or any agency thereof, in the amount fixed for the surety bond, conditioned in
the same manner as would be a surety bond for the protection of other parties. 
Any interest thereon shall constitute a part of the deposit.





[3]When read in context, the court in Butnaru did
not say that an applicant for a temporary injunction had to prove its cause of
action as it would in a trial on the merits but, rather, that it must plead and
prove that a valid cause of action exists.





[4]John T. Boyd, Retired Chief Justice, Court of Appeals,
7th District of Texas at Amarillo, sitting by assignment.