**Opinion filed January 29, 2010**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00162-CV

_____

## ADOBE OILFIELD SERVICES, LTD. AND ADOBE IRONWORKS, LTD., Appellants

## V.

## TRILOGY OPERATING, INC., Appellee

**On Appeal from the 70th District Court**
**Ector County, Texas**
**Trial Court Cause No. A127,214**

### O P I N I O N

Trilogy Operating, Inc., the operator of the oil and gas wells involved in this suit, filed suit requesting both a temporary injunction and a permanent injunction to protect the wells from liens and encumbrances asserted or potentially asserted by Adobe Oilfield Services, Ltd. and Adobe Ironworks, Ltd.[1] The trial court entered an order of temporary injunction. Adobe Oilfield and Adobe Ironworks appeal. We affirm.

---

[1]Trilogy also named as defendants Adobe Drilling Services, Ltd.; Adobe Trucking, Inc.; PNC Bank, N.A.; and Eagle Propane & Fuels, LLC. These defendants, however, are not parties to this appeal.

*Propriety of Deposit in Lieu of Bond*

In their first issue, appellants contend that the order of temporary injunction is void because Trilogy's cash deposit in lieu of bond does not comply with TEX. R. CIV. P. 684. Rule 684 requires that an applicant execute and file a bond to the adverse party in the sum fixed by the trial court, "conditioned that the applicant will abide the decision which may be made in the cause, and that he will pay all sums of money and costs that may be adjudged against him" if the temporary injunction is dissolved. Neither the trial court's order nor Trilogy's notice of filing of cash in lieu of bond contained any language of such a condition. Relying upon *Ex parte Lesher*, 651 S.W.2d 734, 736 (Tex. 1983), appellant argues that the order granting the temporary injunction is, therefore, void.

The facts of *Lesher* are distinguishable. In *Lesher*, the trial court failed to require any bond or security as a condition precedent to the issuance of the temporary restraining order and, thus, failed to comply with the mandatory provisions of Rule 684. The supreme court held that the order was void. *Lesher*, 651 S.W.2d at 736. Similar results were reached in *Lancaster v. Lancaster*, 291 S.W.2d 303, 308 (Tex. 1956), where the trial court failed to require the posting of a bond as a condition precedent to the issuance of a temporary injunction.

The record in this case shows that Trilogy, in compliance with the trial court's order, deposited $1,000 cash as security for the temporary injunction plus an additional $300,000 into the registry of the trial court. The deposits were approved by the district clerk. Anytime a surety bond is required, a party may instead deposit cash in lieu of filing the bond. TEX. R. CIV. P. 14c.[2] Trilogy deposited cash instead of filing a bond.

Appellants assert that the cash deposit must nevertheless comply with the "conditioned" provisions of Rule 684 and Rule 14c. The same argument was made and rejected by the Dallas Court of Appeals in *Seib v. American Savings & Loan Ass'n of Brazoria County*, No. 05-89-01231-CV, 1991 WL 218642 (Tex. App.—Dallas 1991, no writ) (not designated for publication). In *Seib*, the

---

[2]Rule 14c provides:

> Wherever these rules provide for the filing of a surety bond, the party may in lieu of filing the bond deposit cash or other negotiable obligation of the government of the United States of America or any agency thereof, or with leave of court, deposit a negotiable obligation of any bank or savings and loan association chartered by the government of the United States of America or any state thereof that is insured by the government of the United States of America or any agency thereof, in the amount fixed for the surety bond, conditioned in the same manner as would be a surety bond for the protection of other parties. Any interest thereon shall constitute a part of the deposit.

Dallas court held, "Rule 14c automatically incorporates with a cash deposit all the necessary statutory conditions for a proper surety bond." 1991 WL 218642, at *6. We agree with the logic of our sister court. The cash that Trilogy deposited with the clerk of the trial court insures that Trilogy will abide by the decision in this cause and will pay all sums of money and costs adjudged against it if the temporary injunction is dissolved. *See id.* Thus, the cash deposit constituted a proper bond under Rules 684 and 14c. Appellants' first issue is overruled.

*Temporary Injunction*

In the remaining ten issues, appellants assert that the trial court abused its discretion in granting the temporary injunction. They argue in the second, third, and fourth issues that there is no evidence or allegation that appellants' liens were invalid. In the fifth issue, appellants assert that the temporary injunction reverses the status quo. In the sixth and seventh issues, appellants assert that there is no evidence that Trilogy had a probable right to relief or that Trilogy would be harmed if the temporary injunction was not granted. In the eighth issue, appellants argue that their due process rights were violated by the requirement that they release their liens. In the ninth and tenth issues, appellants contend that there is no evidence that Trilogy cannot be adequately compensated in damages and "no evidence that measures the damages by any certain pecuniary standard." In their final issue, appellants argue that the temporary injunction was an improper advisory opinion as to four wells over which appellants had not filed a lien.

The purpose of a temporary injunction is to preserve the status quo of the litigation's subject matter pending trial on the merits. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). An applicant for temporary injunction "must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim."[3] *Id.* An injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard. *Id.* We review a trial court's order granting a temporary injunction for an abuse of discretion. *Id.*

---

[3]When read in context, the court in *Butnaru* did not say that an applicant for a temporary injunction had to prove its cause of action as it would in a trial on the merits but, rather, that it must plead and prove that a valid cause of action exists.

As the operator of the wells at issue, Trilogy asserted that it had an obligation to protect the property from any liens and encumbrances. Trilogy further asserted that the liens were prohibited by Chapter 56 of the Texas Property Code. Trilogy entered into contracts with Adobe Drilling Services to drill six wells. With respect to five of these wells, invoices totaling almost two million dollars were submitted by Adobe Drilling and paid in full by Trilogy. Trilogy was subsequently contacted by PNC Bank, N.A., who claimed a right to Adobe Drilling's accounts receivables pursuant to a security interest perfected under the Uniform Commercial Code. Subsequent to PNC's notice, Trilogy held the undisputed amounts owed to Adobe Drilling and Adobe Trucking in suspense and later deposited them into the registry of the trial court. An attorney for Adobe Oilfield and Adobe Ironworks sent a letter to Trilogy demanding payment and threatening to file liens against the mineral properties related to all six wells at issue in this case because Adobe Oilfield and Adobe Ironworks as subcontractors had supplied labor and materials to the contractor, Adobe Drilling, but had not been paid by Adobe Drilling. Shortly thereafter, Trilogy filed this suit seeking injunctive relief to protect the properties from the threatened liens and to have the trial court enter a declaratory judgment regarding the monetary claims of the various parties. After this suit was filed, appellants filed mineral property lien affidavits with respect to two of the six wells.

At the hearing on the temporary injunction, Trilogy offered proof that it had a contractual obligation to protect the land from liens and that preventing the filing of liens "is crucial" to protect the working interest owners and the ability of some investors to obtain loans. Trilogy's president testified that such liens would prevent Trilogy from being able to raise money and would have a negative impact on Trilogy, its reputation, and its ability to obtain services from others in the industry because of the erroneous implication that Trilogy was not paying its bills. Trilogy offered proof that it had timely paid Adobe Drilling for all amounts owed prior to PNC's notice and would gladly pay the remaining amounts held in suspense if it knew whom to pay. Trilogy also offered proof that Adobe Drilling had a contractual obligation to pay its subcontractors and "to allow no lien by such third parties . . . upon the lease, the well, or other property of Operator or the land upon which said well is located."

TEX. PROP. CODE ANN. § 56.006 (Vernon 2007) provides: "An owner of land or a leasehold may not be subjected to liability under this chapter greater than the amount agreed to be paid in the

4

contract for furnishing material or performing labor." At the time this injunction issued, Trilogy had paid all of the undisputed amounts agreed to in its contract with Adobe Drilling: either via check to Adobe Drilling or via the sum deposited into the registry of the trial court. Trilogy also had a contractual obligation to protect the property from liens and encumbrances. At the time of the filing of this suit, the mineral property lien affidavits had not been filed. This injunctive suit was filed to maintain the status quo and to prevent the threatened liens from being filed. Trilogy brought forth evidence showing a probable right to the relief sought and probable, imminent, and irreparable injury that could not be measured by any certain pecuniary standard. Furthermore, appellants have not shown that their due process rights were violated by the temporary injunction or that the trial court's order constitutes an improper advisory opinion. We hold that the trial court did not abuse its discretion in granting the temporary injunction. Appellants' Issues Nos. Two through Eleven are overruled.

The trial court's order for temporary injunction is affirmed.


> JIM R. WRIGHT
> CHIEF JUSTICE


January 29, 2010

Panel consists of: Wright, C.J.,
McCall, J., and Boyd, S.J.[4]

---

[4]John T. Boyd, Retired Chief Justice, Court of Appeals, 7th District of Texas at Amarillo, sitting by assignment.