IN THE
TENTH COURT OF APPEALS



No. 10-14-00280-CV

**TEXAS A&M UNIVERSITY, DAVE PARROTT,
AND BRIGADIER GENERAL JOE RAMIREZ,**

                                                        **Appellants**

 **v.**

**GUSTAVO CARAPIA,**

                                                        **Appellee**

From the 272nd District Court
Brazos County, Texas
Trial Court No. 14-002220-CV-272

## O P I N I O N

Gustavo Carapia is a student at Texas A&M University. He sued the University

and University officials Dave Parrott and Brigadier General Joe Ramirez alleging a

violation of due process and requested a temporary injunction. We collectively refer to

the University and the officials as "TAMU." TAMU filed a plea to the jurisdiction. The

trial court denied the plea to the jurisdiction and granted a temporary injunction.[1]

---

[1] The hearing on the plea to the jurisdiction took place over the course of two days. On the second day
and less than an hour before the scheduled hearing, Carapia amended his petition to include the

Because the trial court erred in both determinations, the trial court's orders are reversed and judgment is rendered that Carapia's suit is dismissed for want of jurisdiction.

## BACKGROUND

A disciplinary procedure was instituted against Carapia during his junior year at the University. After notice to Carapia and his attendance at an investigation meeting, a disciplinary "Information Session," and a disciplinary hearing, Carapia was placed on conduct probation from the date of the disciplinary decision until his graduation from the University. He was also immediately suspended from the Corps of Cadets until December 14, 2014. Beginning December 15, 2014 and extending through May 15, 2015, Carapia was placed on Corps conduct probation.

## SOVEREIGN IMMUNITY

In its first issue on appeal, TAMU contends that Carapia's due process claim is barred by sovereign immunity. Specifically, TAMU argues that although an *ultra vires* claim is an exception to sovereign immunity, Carapia did not properly plead that type of claim against the University officials and cannot plead that type of claim against the University itself.

### *Ultra Vires*

Generally, sovereign immunity deprives a trial court of jurisdiction over a

---

University officials. The parties then argued the plea to the jurisdiction as if it was a plea by both the University and the officials. No one argues on appeal that the plea did not include the officials added by the amended petition.

lawsuit in which a party has sued the State or a state agency unless the Legislature has consented to suit. *Tex. Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 388 (Tex. 2011). A suit against a government employee in his official capacity is a suit against his government employer, and an employee sued in his official capacity has the same governmental immunity, derivatively, as his government employer. *Franka v. Velasquez*, 332 S.W.3d 367, 382-83 (Tex. 2011).

Suits to require state officials to comply with statutory or constitutional provisions are not prohibited by sovereign immunity. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009). To fall within this "*ultra vires*" exception, a suit must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act. *Id*. *Ultra vires* suits do not attempt to exert control over the State—they attempt to reassert the control of the State. *Id*. Further, these types of suits cannot be brought against the State, which retains immunity, but must be brought against the State actors in their official capacity. *Id*. at 373.

Carapia argues that he did not make an *ultra vires* claim. That is, he did not bring a suit to *require* TAMU to comply with a statutory or constitutional provision. However, in his first amended petition, along with his claims that the University and the named officials violated his right to due course of law under the Texas Constitution, his claims for equitable relief in the form of an injunction because of that violation, and

his request for a declaration that the Student Conduct Code is unconstitutional, Carapia also asked that he be given due process by participating in a new disciplinary hearing in which Carapia could have counsel represent him. That request is a claim to require TAMU to comply with a constitutional provision, the due course of law provision, and thus, is an *ultra vires* claim.

Because Carapia raises an *ultra vires* claim, the University, as the State agency, is immune from such a suit. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 (Tex. 2009). Accordingly, the trial court erred in denying the plea to the jurisdiction as to the University.

### Due Process

Our review does not end here, however. TAMU also contends that immunity was not waived because Carapia did not plead a viable due process claim. Specifically, TAMU argues Carapia could not demonstrate a cognizable property or liberty interest and even if he could, he received all the process he was due.

Suits for "equitable remedies for violation of constitutional rights are not prohibited" by immunity. *City of Elsa v. M.A.L.*, 226 S.W.3d 390, 392 (Tex. 2007) (*quoting City of Beaumont v. Bouillion*, 896 S.W.2d 143, 149 (Tex. 1995). Thus, "suits for injunctive relief" may be maintained against governmental entities to remedy violations of the Texas Constitution. *Id*. However, if the plaintiff fails to plead a viable claim, a governmental defendant remains immune from a suit for alleged constitutional

violations. *See Andrade v. NAACP of Austin*, 345 S.W.3d 1, 11 (Tex. 2011) (considering substance of equal protection claim against Secretary of State in reviewing ruling on plea to jurisdiction and explaining that Secretary retained immunity from suit unless plaintiffs pleaded "viable claim"); *City of Paris v. Abbott*, 360 S.W.3d 567, 583 (Tex. App.—Texarkana 2011, pet. denied) (noting that governmental defendant remains immune from suit absent plaintiff's pleading of viable claim).

Carapia alleged in his first amended petition that TAMU violated his right to procedural due process under the due course of law guarantee of the Texas Constitution because he was not warned of his right to remain silent during the initial investigation of the misconduct and was denied the opportunity to be heard when he was denied counsel during the disciplinary hearing.[2] *See* TEX. CONST. art. I, § 19.[3]

While the Texas Constitution is textually different than the United States Constitution in that it refers to "due course" rather than "due process," those terms are regarded as without meaningful distinction. *Univ. of Tex. Med. Sch. v. Than*, 901 S.W.2d 926, 929 (Tex. 1995); *Mellinger v. City of Houston*, 68 Tex. 37, 3 S.W. 249, 252-53 (Tex. 1887). As a result, in matters of procedural due process, we follow contemporary federal due process interpretations of procedural due process issues. *Id*. A review of a

---

[2] Carapia argues in his brief that he was also not provided adequate notice. That ground was not raised in his first amended original petition. Thus, that argument is not properly before us. *See Spring Branch I.S.D. v. Stamos*, 695 S.W.2d 556, 559 (Tex. 1985).

[3] "No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land."

due course of law claim requires a two-part analysis: (1) whether the plaintiff has a liberty or property interest that is entitled to procedural due process protection; and (2) if so, what process is due. *Than*, 901 S.W.2d at 929.

TAMU argues that Carapia cannot demonstrate the existence of a cognizable property or liberty interest that is entitled to procedural due process protection. Carapia was suspended from participation in the Corps of Cadets. TAMU contends that Carapia's suspension does not involve a constitutionally protected property or liberty interest because a student has no interest in participating in extracurricular activities, such as the Corps of Cadets.

In 1985, the Texas Supreme Court noted federal courts had made it clear that the federal constitution's due process guarantees did not protect a student's interest in participating in extracurricular activities. *Spring Branch I.S.D. v. Stamos*, 695 S.W.2d 556, 561 (Tex. 1985). The Court then analyzed the Texas Constitution to determine whether its due process guarantees extended to a student's desire to participate in school-sponsored extracurricular activities. It held the Texas Constitution did not. *Id*. ("Nothing in either our state constitution or statutes entitles students to an absolute right to participation in extracurricular activities. We are in agreement, therefore, with the overwhelming majority of jurisdictions that students do not possess a constitutionally protected interest in their participation in extracurricular activities."). The holding in *Stamos* has been validated by the Texas Supreme Court and extended to

college students.  *See NCAA v. Yeo*, 171 S.W.3d 863, 865 (Tex. 2005) ("We conclude that the rule in *Stamos* applies…."); *In re University Interscholastic League*, 20 S.W.3d 690, 692 (Tex. 2000) (per curiam); *Eanes Indep. Sch. Dist. v. Logue*, 712 S.W.2d 741, 742 (Tex. 1986).

Carapia does not contest that the Corps of Cadets is an extracurricular activity at the University.  He instead argues that TAMU's reliance on the Texas Supreme Court's opinion in *Yeo*, which extended the *Stamos* holding to college students, is misplaced because *Yeo* did not involve a disciplinary hearing.  This makes no difference.  It is the *nature* of the interest at stake that determines its due process protection; nothing else. *See Yeo*, 171 S.W.3d at 869 (*citing Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 570-571, 33 L. Ed. 2d 548, 92 S. Ct. 2701 (1972)).  The nature of the interest at stake here is participation in extracurricular activities.  It does not change because of a disciplinary hearing.  Thus, because there is no due process protection for participating in extracurricular activities, there is no due process protection at a disciplinary hearing which affects participation in extracurricular activities.

Carapia further argues that because he faced *possible* expulsion when he was placed on conduct probation, he was entitled to due process.  Courts have held a student has a property or liberty interest in receiving a primary/secondary, collegiate, or graduate education.  *See e.g. Goss v. Lopez*, 419 U.S. 565, 574-575, 95 S. Ct. 729, 736 (1975) (primary/secondary—property and liberty); *Dixon v. Alabama State Board of Education*, 294 F.2d 150, 157 (5th Cir. 1961) (collegiate—property); *Univ. of Tex. Med. Sch. v. Than*,

901 S.W.2d 926, 930 (Tex. 1995) (graduate—liberty). These interests, however, are present when a student is prevented from receiving an education, such as when the student is suspended or expelled. *See id*. Carapia was not prevented from receiving an education. He was neither expelled nor even suspended from the University. Instead, he was placed on conduct probation and suspended only from the Corps of Cadets which, we have held, is not a protected interest. Further, although he argues his pursuit of higher education *may* be affected in the future, there is no indication in the record that Carapia has been or will be prevented from pursuing a post-graduate degree because of being placed on conduct probation. Carapia has provided no authority, and we have found none, that holds there is a protected property or liberty interest in *possibly* being expelled from school and *possibly* not getting an education. It is Carapia's burden to plead a viable due process claim, and he has not done so.

Accordingly, Carapia cannot demonstrate the existence of a property or liberty interest that is entitled to procedural due process protection, and the University and the officials remain immune from suit. Because we determine that Carapia cannot demonstrate the existence of a property or liberty interest that is entitled to procedural due process protection, we need not discuss whether or not Carapia received all the process that was due.

The trial court should have granted TAMU's plea to the jurisdiction as to

Carapia's due process claim. TAMU's first issue is sustained.[4]

**UNIFORM DECLARATORY JUDGMENTS ACT**

Carapia also stated a claim pursuant to the Uniform Declaratory Judgments Act (UDJA). In its second issue, TAMU contends sovereign immunity also bars this claim.

The UDJA generally permits a person who is interested in a deed, or whose rights, status, or other legal relations are affected by a statute, to obtain a declaration of rights, status, or other legal relations thereunder. TEX. CIV. PRAC. & REM. CODE § 37.004(a) (West 2008); *Tex. Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 388 (Tex. 2011). And while the UDJA waives immunity for certain claims, such as challenges to the validity of a municipal ordinance or statute, it is not a general waiver of immunity. TEX. CIV. PRAC. & REM. CODE ANN. § 37.006(b) (West 2008); *Sawyer Trust*, 354 S.W.3d at 388; *City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 n.6 (Tex. 2009). In other words, there is no general right to sue a state agency for a declaration of rights. *Sawyer Trust*, 354 S.W.3d at 388. Thus, immunity will bar even an otherwise proper UDJA suit that has the effect of establishing a right to relief against the State or its political subdivisions for which the Legislature has not waived immunity. *Id*.

Carapia challenged the constitutionality of the University's Student Conduct

---

[4] TAMU asks us to render a judgment in its favor if we sustain its issues regarding its plea to the jurisdiction. A plaintiff deserves "a reasonable opportunity to amend" his petition unless the pleadings affirmatively negate the existence of jurisdiction. *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839 (Tex. 2007); *Harris County v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004). After reviewing Carapia's first amended petition, we determine that the jurisdictional defects cannot be cured; and Carapia has not suggested any way that they could be. *See id*. Accordingly, a remand would serve no purpose because there is no violation of due process claim that could be alleged under these facts. *See id*.

Code. He did not challenge the validity of a statute or ordinance as described by the UDJA. Further, he has presented nothing to suggest that the Student Conduct Code is the equivalent of a statute or ordinance so that immunity could be waived. It is Carapia's burden to plead facts establishing jurisdiction, and he has not done so. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Accordingly, the trial court erred in denying TAMU's plea to the jurisdiction as to Carapia's declaratory judgment claim.

TAMU's second issue is sustained.

**TEMPORARY INJUNCTION**

To the extent the temporary injunction remains viable after our disposition of TAMU's first issue, we discuss TAMU's third issue. In that issue, TAMU contends the temporary injunction is void because it was not specific enough as required by Rule 683 of the Texas Rules of Evidence and did not contain a bond fixed by the trial court as required by Rule 684 of the Texas Rules of Evidence.

Rule 683 provides:

> Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained….
> ***
> Every order granting a temporary injunction shall include an order setting the cause for trial on the merits with respect to the ultimate relief sought.

TEX. R. CIV. P. 683.

The requirements of Rule 683 are mandatory and must be strictly followed. When a temporary injunction order does not adhere to the requirements of Rule 683 the injunction order is subject to being declared void and dissolved. *Interfirst Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1986). In this case, the only document evidencing an intent to have a temporary injunction is the trial court's order granting Carapia's request for a temporary injunction signed on September 12, 2014. This order contains none of the requirements of Rule 683. For these reasons, the temporary injunction is void.

Further, Rule 684 is clear and specific in its requirements for the issuance of a temporary injunction:

> In the order granting any temporary restraining order or temporary injunction, the court shall fix the amount of security to be given by the applicant. Before the issuance of the temporary restraining order or temporary injunction the applicant shall execute and file with the clerk a bond to the adverse party, …

TEX. R. CIV. P. 684.

The provisions of Rule 684 are also mandatory, and an order of injunction issued without a bond is void. *Ex parte Lesher*, 651 S.W.2d 734, 736 (Tex. 1983). The intent of the Texas Supreme Court in promulgating Rule 684 was to require a bond payable to a party against whom a temporary restraining order or injunction is issued before the order may lawfully issue. *Id*. Without such a bond the order is void. *Id*.

The order granting Carapia's request for temporary injunction in this case does

not include a bond.  Thus, for this additional reason, the temporary injunction is void.

TAMU's third issue is sustained.

## CONCLUSION

Having sustained each of TAMU's issues on appeal, we reverse the trial court's Order Overruling Plea to Jurisdiction and its Order Granting Plaintiff's Request for a Temporary Injunction.  Because Carapia cannot amend his petition to bring his claim within a waiver of immunity, we render a judgment dismissing Carapia's lawsuit for want of jurisdiction.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Reversed and rendered
Opinion delivered and filed May 28, 2015
[CV06]

