2025 Tex. Bus. 10



## The Business Court of Texas, Third Division

| | | |
|---|---|---|
| SAFELEASE INSURANCE SERVICES LLC, | § § § | |
| *Plaintiff,* | § § | Cause No. 25-BC03A-0001 |
| v. | § | |
| STORABLE, INC., et al., | § § | |
| *Defendants.* | § § | |

## MEMORANDUM OPINION AND ORDER

¶1 Before the Court is a document titled "Objections To Temporary Injunction Order, Motion to Rule On Exclusion Of Opinions Of Dr. Williams, And Motion to Reconsider Based On Objections And Exclusion" (hereafter, the Motion to Reconsider) filed by defendants Storable Inc., RedNova Labs Inc., Bader Co., SiteLink Software LLC, Easy Storage Solutions LLC, and Property First Group LP (collectively, Storable). The Court GRANTS in part and DENIES in part the Motion to Reconsider, as detailed below.

## Background

¶2    This suit arises out of a dispute between SafeLease Insurance Services LLC (SafeLease), which provides insurance for self-storage facilities, and Storable, which licenses facility-management software (FMS) to such facilities. Storable's FMS platforms include storEDGE, SiteLink, and Easy Storage Solutions (ESS). The dispute centers on SafeLease's access to information maintained on these platforms by self-storage facilities that license FMS software from Storable and that are also customers of SafeLease. Until recently, SafeLease accessed these FMS platforms as an authorized user on its customers' accounts. In late 2024, Storable began blocking SafeLease's access to storEDGE. The parties dispute the impetus of these actions: SafeLease alleges that Storable seeks to drive it out of the self-storage insurance market to benefit Storable's own self-storage insurance products; Storable asserts that it is enforcing its software's terms of use and mitigating security threats posed by SafeLease's misuse of the platform.

¶3    SafeLease sued Storable in the 345th District Court in Travis County on December 30, 2024. The District Court granted a temporary restraining order (TRO) compelling Storable to restore SafeLease's authorized-user access to storEDGE and prohibiting Storable from removing or restricting SafeLease's access to storEDGE, SiteLink, or ESS. After extending the TRO, the District Court denied the request for a temporary injunction (TI). A week later, SafeLease amended its

petition to include new tortious interference claims and allegations about Storable's actions after the TI was denied. SafeLease then removed the action to this Court.

¶4 In this Court, SafeLease filed a new application for a TRO and TI to protect its access to the information on Storable's FMS platforms while the lawsuit is pending.[1] On January 30, 2025, the Court denied the TRO and set a TI hearing. The TI hearing was conducted on February 11, 13, and 14, with closing arguments on Tuesday, February 18. The Court issued a TI Order the following day, February 19, granting SafeLease limited injunctive relief. Storable filed this Motion two days later, on Friday, February 21, and set it for written submission today, March 11.

## Analysis

### A. Storable's Request for Ruling and Reconsideration

¶5 The Motion to Reconsider asks the Court to rule on another motion filed by Storable—its "Motion To Exclude Or Disregard Opinions Of Dr. Williams On The Ground That They Are Unreliable And Constitute No Evidence" (the Motion to Exclude)—and to reconsider the TI Order on that basis. The Court determines that reconsideration is unnecessary for several reasons.

---

[1] The Court treats this as a new application, based on the newly asserted claims and the changed circumstances that occurred after the District Court denied the prior TI application. In any event, the Court views the District Court's prior decisions in this case with the same deference and as carrying the same weight as its own prior decisions in the case.

¶6    First, exclusion of the challenged testimony would not alter the Court's decision to grant the TI Order. The Motion to Exclude challenges the testimony of SafeLease's antitrust economist, Dr. Michael Williams. Dr. Williams testified in support of SafeLease's antitrust claim, but the TI Order does not rely on SafeLease's antitrust claim; it relies exclusively on SafeLease's claim for tortious interference with existing contracts. The Motion to Reconsider points to a reference in paragraph 4 of the TI Order to Storable "leveraging" its "market power in the FMS market." Although "leveraging" and "market power" may be terms of art in antitrust law, the Court refers to Storable's use of its position in the FMS market and as the FMS provider for a large segment of SafeLease's tenant-insurance customers, and not to SafeLease's antitrust claims. To avoid any potential confusion, the Court will amend the TI Order to replace "leveraging their market power in the FMS market" with "using their position in the FMS market."

¶7    Second, while the Motion to Reconsider was set for written submission, the underlying Motion to Exclude was never set for either written submission or oral hearing. A motion must be presented to the court to trigger the court's duty to rule.[2]

---

[2] *See, e.g.*, *Ballard v. King*, 652 S.W.2d 767, 769 (Tex. 1983); *Lawrence v. Jones*, No. 14-23-00270-CV, 2024 WL 1269874, at *4 (Tex. App.—Houston [14th Dist.] Mar. 26, 2024, no pet.); *In re Ogaz*, No. 08-23-00344-CR, 2023 WL 8519276, at *1 (Tex. App.—El Paso Dec. 7, 2023, no pet.); *In re Liverman*, 658 S.W.3d 881, 882 (Tex. App.—El Paso 2022, no pet.); *In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding); *Guyot v. Guyot*, 3 S.W.3d 243, 246 (Tex. App.—Fort Worth 1999, no pet.); *Evans v. First Nat'l Bank of Bellville*, 946 S.W.2d 367, 378 (Tex. App.—Houston [14th Dist.] 1997, writ denied); *Temple EasTex, Inc. v. Old Orchard Creek Partners, Ltd.*, 848 S.W.2d 724, 736 (Tex. App.—Dallas 1992, writ denied).

Merely filing the motion does not satisfy this requirement; presentation requires that the motion be set for an oral hearing or written submission.[3] This process is important because, among other reasons, it puts opposing parties on notice of when responsive filings are due. Because the Motion to Exclude was never set, SafeLease never responded and was not required to do so. Given the pace of the TI proceedings, the Court likely would have expedited setting the Motion to Exclude, while still giving SafeLease an opportunity to respond, if requested.[4] But the Court received no request to do so or to otherwise set the Motion to Exclude.

¶8     Third, the February 18 Motion to Exclude challenges Dr. Williams's testimony given at the TI hearing on February 11. A motion to exclude filed a week after the conclusion of the challenged testimony generally comes too late.[5]

¶9     Storable's Motion to Exclude asserts challenges to the foundation and methodology underlying Dr. Williams's opinions.[6] To be timely, those objections

---

[3] *E.g.*, *Lawrence*, 2024 WL 1269874, at *4; *Moore v. Carder*, No. 01-22-00156-CV, 2023 WL 3102582, at *2 (Tex. App.—Houston [1st Dist.] Apr. 27, 2023, no pet.); *Smith v. El Paso Veterans Transitional Living Ctr.*, 556 S.W.3d 361, 362 (Tex. App.—El Paso 2018, no pet.); *see also* TEX. BUS. CT. LOC. R. 5; 3RD DIV. CT. PRO. at V(A)–(B).

[4] The parties have known since February 14 that the Court would issue its TI Order on February 19. When it filed the Motion to Exclude on February 18, Storable was aware that it was filing the day before the TI Order would issue.

[5] *See, e.g.*, *Knoderer v. State Farm Lloyds*, 515 S.W.3d 21, 44 (Tex. App.—Texarkana 2017, pets. denied); *Farm Servs., Inc. v. Gonzales*, 756 S.W.2d 747, 750 (Tex. App.—Corpus Christi–Edinburg 1988, writ denied); *Traders & Gen. Ins. Co. v. Randolph*, 467 S.W.2d 689, 690 (Tex. App.—Amarillo 1971, writ dism'd).

[6] For example, Storable argues that Williams: failed to "provide reliable data to support his market-share opinion" or "study the factors that determine the likelihood of monopoly power"; should have used revenue or output, rather than the number of facilities, in measuring market share; "used

5

had to be raised and ruled on before or when the testimony is offered.[7] The purpose of this requirement is two-fold: (1) it gives the trial court the necessary opportunity to look beyond the face of the testimony to inquire into its underlying basis before ruling,[8] and (2) it "gives the proponent a fair opportunity to cure any deficiencies and prevents trial and appeal by ambush."[9] Once opinion testimony is admitted without objection, "it may be considered probative evidence even if the basis for the opinion is unreliable."[10]

¶10 The Motion to Exclude also argues that Dr. Williams's opinion that Storable had "a dangerous probability of achieving monopoly power" in the tenant-insurance market is conclusory.[11] Unlike objections to foundation or methodology, a party need not timely object to expert testimony that is conclusory on its face; such

---

incorrect numbers, without necessary adjustments, for the number of Storable's facilities and the total number of self-storage facilities in the United States"; and should not have excluded certain large operators in defining the relevant market. Motion to Exclude at 1, 7.

[7] *Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 786 (Tex. 2020); *City of San Antonio v. Pollock*, 284 S.W.3d 809, 816–17 (Tex. 2009).

[8] *Pike*, 610 S.W.3d at 786 (quoting *Coastal Transp. Co. v. Crown Cent. Petrol. Corp.*, 136 S.W.3d 227, 233 (Tex. 2004)); *Pollock*, 284 S.W.3d at 816–17 (same).

[9] *Pike*, 610 S.W.3d at 786; *Pollock*, 284 S.W.3d at 817; *see also, e.g.*, *Sw. Energy Prod. Co. v. Berry-Helfand*, 491 S.W.3d 699, 716 (Tex. 2016); *Mar. Overseas Corp. v. Ellis,* 971 S.W.2d 402, 409 (Tex. 1998).

[10] *W & T Offshore, Inc. v. Fredieu*, 610 S.W.3d 884, 899 (Tex. 2020) (quoting *Pollock*, 284 S.W.3d at 818); *see also Pike*, 610 S.W.3d at 786 (same).

[11] Motion to Exclude at 3–7.

testimony inherently lacks probative value.[12] But the Court need not reach this issue because it did not consider Dr. Williams's opinion regarding whether Storable had a dangerous probability of achieving monopoly power in the tenant-insurance market. As Storable points out in its Motion to Exclude,[13] that opinion related to SafeLease's antitrust claims, which the Court did not rely on in granting injunctive relief under the TI Order.

¶11   The Court notes that Storable objected to Dr. Williams's testimony on several grounds at the TI hearing and took Dr. Williams on voir dire. To the extent any objections were timely raised and ruled on at the hearing, no further objection or ruling is needed. The Court further notes that there was limited opportunity for discovery and to vet the expert opinions before the TI hearing, which occurred less than two months after the case was filed. While it was necessary to expedite the TI proceedings, the substance of any testimony offered in the TI proceedings remains subject to challenges and objections at future stages of the case, including summary judgment and trial.

## B.    Storable's Objections to the TI Order

¶12   Storable objects that the TI Order decides the "ultimate merits" of the case rather than only whether SafeLease demonstrated a "probable" right to

---

[12] *Pike*, 610 S.W.2d at 786 (quoting *Coastal Transp.*, 136 S.W.3d at 233); *Pollock*, 284 S.W.3d at 816 (same).

[13] Motion to Exclude at 3.

recover.[14] The Court disagrees and notes that Storable issued a press release shortly after the TI issued demonstrating that it correctly understood that the TI Order "does not represent a final determination on the merits of the case."[15] The TI Order states that SafeLease demonstrated a "probable right to relief" and expressly notes that such a showing does not mean that SafeLease will ultimately prevail on the merits based on a fully developed record.[16] Rule 683 compels the Court to include in the TI Order the findings that form the reasons it granted the injunction,[17] and the TI Order makes it clear that the findings are based on the evidence presented at the TI hearing and that a final trial on the merits has not yet occurred. Nevertheless, to avoid any potential confusion, the Court will amend the TI Order to further clarify that the holdings in the order are based on the evidence the parties presented at the

---

[14] Motion to Reconsider at 2–3.

[15] Exhibit A to "Supplement to Plaintiff's Response to Objections to Injunction and Motion to Reconsider."

[16] TI Order at ¶ 3 & n.1 (quoting *Bienati v. Cloister Holdings, LLC*, 691 S.W.3d 493, 498 (Tex. 2024); *Transp. Co. of Tex. v. Robertson Transps., Inc.*, 152 Tex. 551, 556, 261 S.W.2d 549, 552 (1953)).

[17] TEX. R. CIV. P. 683 (requiring order to specify the reasons the court granted the relief). Storable objects to the statement in the TI Order that "SafeLease has *pleaded and proved* valid causes of action against Defendants; a probable right to the relief sought; and a probable, imminent, and irreparable injury in the interim." Motion to Reconsider at 3 (emphasis added). But this is a common way of stating the elements required for a TI. *See, e.g.*, *State v. Loe*, 692 S.W.3d 215, 226 (Tex. 2024); *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002); *Hughs v. Dikeman*, 631 S.W.3d 362, 382 (Tex. App.—Houston [14th Dist.] 2020, no pet.); *Adobe Oilfield Servs., Ltd. v. Trilogy Operating, Inc.*, 305 S.W.3d 402, 405 (Tex. App.—Eastland 2010, no pet.); *8100 N. Freeway Ltd. v. City of Houston*, 329 S.W.3d 858, 861 (Tex. App.—Houston [14th Dist.] 2010, no pet.). The statement is in no way a ruling that SafeLease has or ultimately will prevail on the merits.

TI hearing and do not prevent either party from proving or disproving any of the disputed facts at the trial on the merits.

¶13 The Court will also amend the TI Order to remove a statement that the parties agreed to the form but not the substance of the order. Although the Court instructed the parties to confer and reach an agreement as to the form (but not the substance) of each side's proposed orders, the Motion informs the Court that Storable refused to do so.[18] The Court notes that if Storable had meaningfully engaged in this process, some of its concerns might have been ameliorated before the TI Order issued.

SIGNED ON: March 11, 2025.

Hon. Melissa Andrews
Judge of the Texas Business Court,
Third Division

---

[18] Motion to Reconsider at 3.