

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00036-CV

**IN THE MATTER OF THE GUARDIANSHIP OF THE
PERSON AND ESTATE OF KENNETH GREGG**

On Appeal from the County Court at Law No. 3
Lubbock County, Texas
Trial Court No. CC-2023-GD-0078, Honorable Ben Webb, Presiding

May 29, 2025

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Monte Gregg appeals a temporary injunction order[1] that prohibits him from selling

or otherwise disturbing certain property of Kenneth Gregg, a ward of the court, that had

---

[1] Monte perfected appeal from a January 2, 2025 order that granted Lucretia Howe's application for temporary injunction. On April 11, 2025, the trial court signed an amended order granting temporary injunction, which deviated from the January 2 order only in that it set a hearing on Lucretia's request for a permanent injunction. Monte filed an unopposed motion to treat this appeal as being from the amended order. We granted the motion on April 24, and will treat this appeal as an appeal from the trial court's amended order.

been purportedly conveyed to Monte by Kenneth on or after June 5, 2023.[2]  We reverse the trial court's order and dissolve the temporary injunction.

## BACKGROUND

Kenneth is the owner of thousands of acres of land in multiple counties on which he has conducted substantial farming operations.  In 2023, he experienced complex and severe health issues, including the amputation of a portion of his left leg and a diagnosis of moderate to severe dementia.  In June and October of 2023, Kenneth transferred certain real property and cattle to his son Monte.  In December of 2023, Lucretia Howe and Sharla Gregg, Kenneth's daughters, filed an application for appointment of temporary and permanent guardianship of Kenneth.  On December 22, the trial court entered an order appointing Lucretia temporary guardian of Kenneth's estate.  Consistent with her appointment, Lucretia posted a $1,500,000 guardianship bond.  In July of 2024, Kenneth purportedly created a trust, named Monte as trustee, and conveyed all of his remaining property to the trust.  After holding a hearing over the course of three days in May and July of 2024, the trial court entered its *Order Appointing Permanent Guardian*.[3]

After being named permanent guardian of Kenneth's estate, Lucretia filed an application for temporary restraining order and injunctive relief that sought an order restraining Monte's ability to transfer or dispose of any of the property Kenneth purportedly transferred to Monte or the trust from June of 2023 forward based on

---

[2] Because many of the parties share the same surname, we will refer to them by their first names.

[3] In a separate proceeding, Monte has appealed the trial court's *Order Appointing Permanent Guardian*.

2

allegations that those transfers were the result of fraud and undue influence. After holding a hearing on Lucretia's application, the trial court signed an order granting a temporary injunction against Monte on January 2, 2025. From this order, Monte timely filed this interlocutory appeal.

By his appeal, Monte presents four issues: (1) the trial court abused its discretion by allowing the guardianship bond to also serve as the bond for the temporary injunction, (2) the trial court abused its discretion by granting injunctive relief against Monte in his capacity as trustee even though Lucretia did not sue him in that capacity, (3) the temporary injunction order is substantively defective, and (4) the temporary injunction order is void because it fails to comply with the mandatory requirements of Texas Rule of Civil Procedure 683. Because we find Monte's first issue dispositive, we will limit our analysis to that issue.

## INTERLOCUTORY JURISDICTION

Generally, an appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). However, there are some statutory exceptions to the general rule. *Id.* One such exception allows interlocutory appeals from the grant or refusal of a temporary injunction. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4). Thus, we have jurisdiction over Monte's interlocutory appeal of the trial court's temporary injunction.

## STANDARD OF REVIEW

"A temporary injunction's purpose is to preserve the status quo of the litigation's subject matter pending a trial on the merits." *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198,

3

204 (Tex. 2002). A temporary injunction is an extraordinary remedy. *Id*. An applicant for a temporary injunction must plead and prove that she has a cause of action against the defendant; probable right to the relief sought; and probable, imminent, and irreparable injury in the interim. *Id*.

We review a ruling on a temporary injunction using an abuse of discretion standard. *Id*. In conducting this review, we may not substitute our judgment for that of the trial court unless the trial court's action was so arbitrary that it exceeded the bounds of reasonable discretion. *Id*. "[A] failure by the trial court to analyze or apply the law correctly . . . constitutes an abuse of discretion." *In re Kuntz*, 124 S.W.3d 179, 181 (Tex. 2003) (orig. proceeding).

## BOND

Monte contends that the trial court abused its discretion by failing to require an adequate bond to support the temporary injunction. Lucretia argues that it was not an abuse of discretion for the trial court to allow the guardianship bond to also serve as the injunction bond.

Under Texas law, a trial court must set the bond of a guardian in an amount equal to the estimated value of all personal property belonging to the ward, plus an additional amount to cover anticipated revenue from interest, dividends, collectible claims, periodic payments, and rentals for the use of property. TEX. EST. CODE ANN. §1105.154(a). The purpose of this bond is to ensure the guardian's diligent performance of her duties and to protect the ward from loss due to the guardian's waste or mismanagement. *Thedford v. White*, 37 S.W.3d 494, 498 (Tex. App.—Tyler 2000, no pet.).

4

Texas Rule of Civil Procedure 684 requires that in an order granting a temporary injunction, the court must fix the amount of security to be given by the applicant. TEX. R. CIV. P. 684. A temporary injunction is void if the trial court fails to require a bond. *Ex parte Lesher*, 651 S.W.2d 734, 736 (Tex. 1983). In fact, a trial court's failure to set a bond can render a temporary injunction void even if the issue is not raised by the parties in either the trial or appellate courts. *Expo Grp., LLC v. Purdy*, No. 05-24-00653-CV, 2025 Tex. App. LEXIS 370, at *14–15 (Tex. App.—Dallas Jan. 27, 2025, pet. filed) (mem. op.).

"The intent of this Court in promulgating Rule 684 was to require a bond *payable to a party against whom a temporary restraining order or injunction is issued* before the order may lawfully issue. Without such bond the order is void." *Ex parte Lesher*, 651 S.W.2d at 736 (emphasis in original). In the present case, the guardianship bond of $1,500,000 was ordered to protect the estate against any malfeasance of the guardian. In the order granting the temporary injunction, the trial court stated that "the bond currently held by this Court in conjunction with the Guardianship of Kenneth Gregg shall satisfy the bond requirement for the Temporary Injunction . . . ."[4] However, the temporary injunction enjoins actions that might be taken by Monte and, as such, for the injunction bond to be "payable to [the] party against whom [the] temporary . . . injunction is issued," it would have to be payable to Monte. *Id.* The guardianship bond that the trial court stated would satisfy the bond requirement for the temporary injunction is not payable to Monte. Since the bond set by the trial court for the temporary injunction does not protect the interests of the enjoined party, it is essentially the equivalent of the trial court's failure to set a bond

_____

[4] We also note that Lucretia's request for temporary injunction expressly requested that same be issued "without the necessity of a bond . . . ."

5

to support the temporary injunction. Because the temporary injunction was issued without a bond, it is void. *Id.*

At oral arguments, Lucretia cited this Court's opinion in *Rhoads v. McBee*, No. 07-23-00047-CV, 2023 Tex. App. LEXIS 5947, at *18–19 (Tex. App.—Amarillo Aug. 8, 2023, no pet.) (mem. op.), for the proposition that Monte's failure to object to the adequacy of the bond set by the trial court waived his right to complain about the bond on appeal. We acknowledge that a challenge to the adequacy of the amount of a bond supporting a temporary injunction must be raised in the trial court or it is waived. *See id.* But a temporary injunction is void if the issuing court fails to set a bond in support of it that is payable to the party against whom the temporary injunction is issued. *Ex parte Lesher*, 651 S.W.2d at 736. Because the trial court in the present case did not set a bond in support of its temporary injunction that was payable to Monte, we conclude that Monte's appeal is predicated on the trial court's failure to set a valid bond rather than to the adequacy of the bond's amount. Consequently, we conclude that *Rhoads* is inapplicable to the present case.

We sustain Monte's first issue.

### MONTE'S OTHER ISSUES

Because we have concluded that the temporary injunction was void, we need not address the other challenges to the temporary injunction order raised by Monte. *See* TEX. R. APP. P. 47.1.

6

## CONCLUSION

Having determined that the trial court's failure to set a bond in support of its temporary injunction renders the temporary injunction order void, we reverse the trial court's order and dissolve the temporary injunction.[5]

Judy C. Parker
Justice

---

[5] Due to our resolution of this matter, we deny Monte's pending *Motion for Emergency Temporary Relief* as moot.